### SMILAY *v.* SAGE.

1. Witnesses—Matters Equally Within Knowledge of Deceased.

In action against administrator of estate of decedent to recover damages for gunshot wounds inflicted on plaintiff in decedent's office, objections to questions put to plaintiff as to what had happened at the time of the shooting and whether decedent had been drinking were properly sustained under so-called "dead man's statute" as directly calling for alleged facts that must have been within the knowledge of deceased (3 Comp. Laws 1929, § 14219).

2. SAME—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED—PSYCHOLOGICAL TEST.

That mind of decedent who inflicted gunshot wounds upon plaintiff had become dulled because of drink and that decedent's knowledge of the facts could not have been equal to that of plaintiff would not permit plaintiff to testify as to facts of shooting in action against decedent's estate because facts would not have been "equally" within the knowledge of decedent since the so-called "dead man's statute" does not call for a psychological measurement of perception and intelligence to determine whether knowledge of plaintiff and decedent is equal (3 Comp. Laws 1929, § 14219).

3. SAME—CONSTRUCTION of STATUTES—"EQUALLY."

Word "equally" as used in so-called "dead man's statute" does not relate to the degree of knowledge possessed by the parties but is used in the sense of "alike" to preclude the party's evidence where the facts to which he is called to testify were known to both (3 Comp. Laws 1929, § 14219).

4. CONSTITUTIONAL LAW—CHANGE OF STATUTE.

Any change in so-called "dead man's statute" barring testimony as to matters equally within knowledge of a party and decedent must come from legislature (3 Comp. Laws 1929, § 14219).

Appeal from Wayne; Webster (Clyde I.), J. Submitted January 15, 1943. (Docket No. 79, Calendar No. 42,251.) Decided February 23, 1943.

Case by Maurice D. Smilay against Eugene Sage, administrator of the estate of Robert E. Sage, deceased, for injuries allegedly inflicted by decedent in assault with a loaded revolver. Judgment for defendant. Plaintiff appeals. Affirmed.

*Maurice D. Smilay*, in pro per.

*Louis B. Ver Wiebe*, for defendant.

BUTZEL, J. Maurice D. Smilay, plaintiff, brought suit against the administrator of the estate of Robert

E. Sage, deceased. In the declaration it is alleged that defendant's decedent intentionally shot and wounded plaintiff with a loaded revolver. In his opening statement, counsel for plaintiff also claimed that decedent made an assault upon the plaintiff with a loaded revolver with the intention of shooting and wounding plaintiff and caused him large medical expenses, loss of earnings and much pain and suffering. At the trial plaintiff was asked by his counsel what happened at the time of the shooting at decedent's office; also, whether the decedent had been drinking at the time he shot plaintiff. Both these questions were objected to and excluded under the "dead man's statute" as being equally within the knowledge of the deceased. 3 Comp. Laws 1929, § 14219 (Stat. Ann. § 27.914). No other material testimony of the shooting was offered. The trial judge entered judgment in favor of defendant. Plaintiff appeals.

The statement of facts in plaintiff's brief sets forth many incidents which if true are not supported by any testimony whatsoever. Plaintiff claims that the "dead man's statute" should not be applied in an action where it is not positively shown that the facts testified to were equally within the knowledge of deceased. It is unnecessary to distinguish *Noonan* v. *Volek,* 246 Mich. 377, or other cases relied upon by plaintiff for they are not pertinent. The nature of the questions was such that they directly called for answers of alleged facts that must have been within the knowledge of the deceased. Appellant claims, however, that decedent's mind had become dulled because of drink, and, therefore, his knowledge of facts could not have been equal to that of the appellant. Both the declaration and the opening statement of counsel were to the effect that decedent intentionally shot plaintiff. The

statute does not call for some kind of psychological measurements of perception and intelligence so as to determine whether the knowledge of plaintiff and decedent was equal. The fact that plaintiff did have knowledge suffices. As Mr. Justice COOLEY said in *Kimball* v. *Kimball,* 16 Mich. 211, 215:

"The word 'equally,' as employed in this section, does not relate to the *degree* of knowledge possessed by the parties, but is used in the sense of *alike,* to preclude the party's evidence where the facts to which he is called [to testify?] were known to both. The word *equally* is often used in this sense, and it cannot be employed in any other here, without leading to manifest absurdities."

Plaintiff calls attention to the case of *Justin* v. *Ketcham,* 297 Mich. 592, 597, wherein we stated:

"It is a fundamental principle of law that persons wronged should not be deprived of redress."

We recently said in *Fojtik* v. *Lawson,* 303 Mich. 568, it has been questioned whether the "dead man's statute" has not a tendency to cause more injustice than it prevents, and that any change in the law must come from the legislature.

Judgment for defendant affirmed, with costs.

BOYLES, C. J., and CHANDLER, NORTH, STARR, WIEST, BUSHNELL, and SHARPE, JJ., concurred.