IN RE ESTATE OF ALICE E. STEPHENSON.

No. 46390.

JUNE 6, 1944.

REHEARING DENIED SEPTEMBER 23, 1944.

John M. Rankin, Attorney General, Jens Grothe, Special Assistant Attorney General, and W. D. Daly, Counsel for Inheritance Tax Division of State Tax Commission, for appellant.

O. M. Slaymaker, R. E. Killmar, and D. D. Slaymaker, all of Osceola, for appellees.

SMITH, C. J.—The facts may be briefly stated. Decedent, an unmarried woman, eighty-six years old when she died July 6, 1941, was an aunt of Pearle Gould (formerly Pearle Stephenson), who became administratrix of her estate. She had lived with her niece and husband, Roy H. Gould (hereinafter called the claimant), since 1911, the year Pearle and claimant were married. Decedent's parents were then dead and she had already, in 1907, made a will in which she gave all her estate to "my beloved niece, Pearle Stephenson."

This will was promptly probated after her death and the administratrix gave immediate notice of her appointment. More than a year later claimant filed his claim for $6,000 for "room, board, keep and nursing" since 1911, furnished upon "expressed oral agreement to pay for the same."

At the same time the administratrix filed a report and application, showing that she held as an asset of the estate a note and mortgage dated March 1, 1919, for $4,000, given by claimant and herself; that her husband had paid interest on said note in cash on each due date during decedent's lifetime; that she (administratrix) had knowledge of the services for which the claim was filed; that she had agreed to present the situation to the court for allowance of his claim as an offset; that he need not file his claim but she "would see that it was taken care of." She also reported that she believed the claim was just and had agreed in writing to a compromise by which the note and mortgage of $4,000 would be canceled and surrendered in settlement of the claim. She asked authority to consummate this settlement agreement.

The Iowa State Tax Commission, being duly notified, filed objections to the allowance of the claim and asked that the approval of the report and application of the administratrix be withheld and denied pending adjudication of the claim. The objection to the claim was based on a general denial of knowledge, and on the special defense that the claim was barred because not timely filed and no peculiar circumstances were shown entitling claimant to equitable relief. No allegation of fraud or bad faith was made or of improper collusion between the administratrix and her husband, the claimant. It is alleged however that "this claim is filed with the sole object and intent of avoiding the payment of inheritance tax."

The probate inventory and preliminary inheritance-tax report, filed July 1, 1941, shows as assets the $4,000 note and mortgage, a bank-deposit balance of $49.25, and an unsecured note of $200 signed by other parties. It shows liabilities of the estate $4,500, being the claim in question here. Based on the preliminary report the court made an order finding the estate not subject to inheritance tax.

The trial court, basing its decision upon the proposition

that the Commission could only litigate the question of fraud, "perpetrated or attempted to be perpetrated in the allowance of claims so as to defeat a legitimate claim of the State," held there was no such fraud shown, that there were equitable reasons excusing claimant's failure to file his claim within the six-months' period, allowed the claim, and approved the compromise agreement. The Commission will hereinafter be referred to as appellant; claimant and administratrix, when spoken of collectively, will be called appellees.

Various errors are assigned: (1) That the testimony of appellees should have been excluded because of incompetency of the witnesses under section 11257, Code of Iowa, 1939 ("dead man statute"), and because the claim was filed too late and was barred under Code section 11972, as amended by chapter 301 of the Acts of the Forty-ninth General Assembly (2) that under the uncontradicted evidence the services covered by the claim were to be compensated for by the provision in the will giving all decedent's property to the wife of claimant (3) that the court erred in holding appellant could only contest the claim and proposed compromise by alleging and proving fraud (4) that there was no evidence of "peculiar circumstances" excusing failure to file the claim within the statutory time.

I. It seems logical first to consider the status of appellant in this litigation. Determination of that question will perhaps help in solving the questions presented by the assignment of errors.

The proceeding was, on its face, one for the allowance of a claim and approval of a compromise of it by use of the principal asset of the estate as an offset. It was in fact, however, a proceeding for the purpose of determining the net estate subject to inheritance tax. When the claim and the report and application (for leave to compromise) were filed, the court, recognizing the situation, set them down for hearing and ordered that notice thereof be given to the State Tax Commission. The rights of no other party could be affected. The administratrix was joined in interest with claimant.

We are not prepared to say, as did the trial court, that appellant was limited to a defense of fraud. The State had

a vital interest in the proceeding—in fact, the only interest adverse to appellees. Section 7364 of the Code of Iowa, 1939, contemplates that the district court may have before it proceedings involving questions relating to inheritance tax. Section 7365 authorizes the Commission to represent the State in any such proceedings *"with all the rights and privileges of a party in interest."*

It is not necessary here that we define the extent of the Commission's right to intervene and defend in all such proceedings, and we make no pronouncement to that end. It is sufficient in this case to say that appellant had rights to protect *that were not being protected by the administratrix, who had a personal interest adverse to those rights.* No special administrator was appointed to represent the estate. We hold appellant was a proper party and was entitled to present any existing defense to the claim and the proposed compromise.

II. Most of the testimony of appellees was objected to and the competency of the witnesses challenged under section 11257, Code of Iowa, 1939, commonly called the "dead man statute." These objections were overruled. It must be conceded that the witnesses were within the classification of persons rendered incompetent by the statute, if the proceeding was one *"against the executor, administrator, heir at law, next of kin, assignee, legatee, devisee, or survivor"* of decedent. But appellant did not stand in any of these relationships. In re Estate of Choate, 195 Iowa 715, 720, 192 N. W. 857.

Appellant was not representing the estate. It was interested solely in the question of inheritance tax. The statute in question was, not available to it.

III. Appellant, by pleading and by objections to evidence, invoked the operation of section 11972, Code of Iowa, 1939, as amended by chapter 301 of the Acts of the Forty-ninth General Assembly, requiring claims to be filed within six months after notice of appointment of administrator "unless peculiar circumstances entitle the claimant to equitable relief." The objection was not available in any event as against the admission of evidence.

Whether appellant was entitled to plead and urge it as a defense and whether the evidence was sufficient to excuse

timely filing of the claim need not be determined here. We have only again to advert to the real nature of the proceeding.

No effort was being made to establish the claim except as an offset to claimant's indebtedness to the estate. The court was asked to approve a compromise by which one would cancel the other. No deficiency claim was to be established.

We have held that for the purpose of use as an offset or counterclaim it makes no difference that the claim against the estate is barred by this special limitations statute. Ware v. Howley. 68 Iowa 633, 27 N. W. 789; Secor v. Siver, 165 Iowa 673, 678, 146 N. W. 845. See, also, First Nat. Bk. v. Malone, 8 Cir., Iowa, 76 F. 2d 251, 255.

The proposed compromise merely recognized the situation as it actually existed at the time of decedent's death. The debt represented by the note and mortgage held by her was in fact then completely destroyed as an asset; and claimant, unless he desired to establish a claim for any excess due him from decedent, had no occasion to file his claim except for the purpose of making of record the fact that the note and mortgage were canceled and did not pass to his wife as a taxable bequest.

IV. There remains the question of fact as to the correctness of the claim as an offset to claimant's debt to the estate. The proceedings were in probate and so treated by all parties. There is no dispute as to the rendition of the services and their value. It is argued by appellant that the claim is based on an express oral contract to pay and that the proof shows an intention that payment was to be made by the bequest to claimant's wife.

As to this question of fact, we are bound by the finding of the trial court. Gould v. Morrow, 153 Iowa 461, 133 N. W. 722. The will was made years before the services were performed; in fact, several years before claimant and the beneficiary under the will were married. We cannot say there is not sufficient evidence to support the finding and order appealed from.

No disposition is shown by appellant to question the performance of the services to decedent or to minimize the loving

care with which they were rendered. No question of bad faith or fraud is involved.

The decision of the trial court is affirmed.—Affirmed.

All JUSTICES concur.