MALLERY v. VAN HOEVEN.

1. DEEDS—PARENT AND CHILD—CONSIDERATION—LOVE AND AFFEC-
TION.
The consideration of love and affection between parent and child
is adequate consideration for a deed from either a parent to
the child or the child to the parent.

2. SAME—PARENT AND CHILD—LACK OF MONEY CONSIDERATION—IN-
FERENCE OF FRAUD OR ADDITIONAL PAROL AGREEMENT.
No inference of fraud or an additional parol agreement is per-
missible from lack of monetary consideration alone for a deed
from a parent to a child or from a child to a parent.

3. SAME—PARENT AND CHILD—CONSIDERATION—EVIDENCE.
Testimony as to services rendered decedent, mother of plaintiff
and other witnesses in suit to set aside deed of reconveyance
by plaintiff to decedent, was not material in the absence of
testimony that the services rendered to decedent were to be
part of the consideration for decedent's supposed contract to
convey or devise the property.

4. WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED
—DEED OF RECONVEYANCE FROM PLAINTIFF TO MOTHER.
Testimony of plaintiff in her suit to set aside her deed of recon-
veyance of property to her mother, now deceased, that re-
conveyance was made pursuant to an agreement that the prop-
erty would be left to all her children in equal shares and that
decedent practiced a fraud in making the agreement and had

REFERENCES FOR POINTS IN HEADNOTES
[1] 16 Am Jur, Deeds § 61.
[2] 16 Am Jur, Deeds § 33.
[3] 58 Am Jur, Work and Labor § 11 et seq.
[4, 5] 57 Am Jur, Wills § 185.
[4, 5] Decedent's agreement to devise, bequeath, or leave prop-
erty as compensation for services. 69 ALR 14; 106 ALR
742.
[7] 58 Am Jur, Witnesses § 216.
[8] 24 Am Jur, Fraud and Deceit § 278.

no intention of carrying it out was inadmissible under statute excluding testimony of opposite parties as to matters equally within knowledge of deceased (CL 1948, § 617.65).

5. DEEDS—RECONVEYANCE—FRAUD—AGREEMENT TO DEVISE PROPERTY —EVIDENCE.

Admissible evidence in suit to set aside deed reconveying property from plaintiff to her mother, now deceased, *held*, insufficient to establish fraud on part of deceased or an agreement on her part to leave the property to her children.

6. CONSTITUTIONAL LAW—CHANGE OF STATUTE.

The repeal of statute excluding testimony of opposite parties as to matters equally within the knowledge of deceased is not a matter for the court but is for the legislature of the State (CL 1948, § 617.65).

7. STATUTES—CONSTRUCTION—EXCLUSION OF TESTIMONY OF OPPOSITE PARTIES AS TO MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED.

The scope of the statute excluding testimony of opposite parties as to matters equally within the knowledge of deceased will not be extended by strict construction (CL 1948, § 617.65).

8. FRAUD—EVIDENCE.

Fraud, easily claimed, is not lightly proven.

9. EVIDENCE—ADMISSIONS BY A DECEDENT—INTERESTED WITNESSES.

Admissions of a decedent are the most unreliable proof known to the law and should be received with most careful scrutiny, testimony thereof by interested witnesses being considered with a great deal of suspicion.

Appeal from Kent; Brown (William B.), J. Submitted January 17, 1952. (Docket No. 78, Calendar No. 45,333.) Decided March 6, 1952.

Bill by Mabel Culp Mallery against Theodore Van Hoeven, executor of the estate of Mary Culp, deceased, and another to set aside conveyance of real estate. Decree for plaintiff. Defendant executor appeals. Reversed.

*Joseph A. Renihan,* for plaintiff.

*Bolt & Poel,* for executor.

BUTZEL, J.  Mary Culp, decedent, in 1942 deeded her home in Grand Rapids, Michigan, to her daughter Mabel, now Mabel Culp Mallery, the plaintiff herein.  Mrs. Culp reserved a life interest in the property.  No monetary consideration was paid. Subsequently, on July 20, 1946, plaintiff reconveyed the property to her mother, the decedent, also without any monetary consideration.  On its face, the deed recites adequate consideration and was properly executed, filed, delivered and recorded.  In a suit brought against the executor of decedent's estate and Fred Kuiper, the main beneficiary under the last will of decedent, plaintiff sought to have her deed of reconveyance to her mother set aside on the ground of fraud and lack of consideration.  After a hearing the judge rendered a decree in plaintiff's favor.

Even if it be shown that no monetary consideration was given by decedent for the property, the consideration of love and affection between parent and child has been held to be adequate by this Court. *Takacs* v. *Takacs,* 317 Mich 72; *Flood* v. *Flood,* 295 Mich 366; *Meade* v. *Robinson,* 234 Mich 322.  The 1942 deed to plaintiff was also without monetary consideration and its validity is not questioned.  No inference of fraud or an additional parol agreement, therefore, is permissible from lack of monetary consideration alone.

Plaintiff also claims that decedent agreed that in consideration of the reconveyance she would leave the property to her children, including plaintiff, and that in so doing decedent committed what the judge terms a "technical" fraud as an inducement for the reconveyance.  Plaintiff did not file a bill for specific performance to leave the property to all of decedent's children.  Had she done so almost all of her main witnesses would have been precluded from testifying by the "dead man's statute," CL 1948,

§ 617.65 (Stat Ann § 27.914). Several of the children testified in the instant case over defendants' objection, the judge holding that they were not the opposite parties in interest.

Decedent was well advanced in years when she died but was evidently in full possession of her faculties. She had worked hard in her life at menial labor and only stopped working about a year prior to her death, which occurred January 22, 1951. She had bought and paid for the house in question. None of her children lived with her but she had a boarder, defendant Fred Kuiper, who for a number of years had been most kind and attentive to her. She in turn appreciated his attention and devotion and stated that he had been a son to her ever since she had known him. He paid decedent for his room and board. He had so much confidence in decedent that when he went into the service he sent her his bonds for safekeeping. Plaintiff prior to the reconveyance feared that decedent would leave her home to him because of their friendship.

There is conflict in the testimony as to what plaintiff did for her mother after the 1942 deed. It appears, however, that decedent was dissatisfied with plaintiff's behavior. The attorney who drafted the instrument was called by plaintiff as her witness. He consulted some notes that he had made at the time the conveyance was drafted. He testified that decedent stated to him that plaintiff was supposed to keep her if she were sick and feeble, and she was supposed to pay taxes on the property, but none had been paid and her failure to keep her promise was the reason she wanted the reconveyance. Plaintiff did look after her mother for brief periods from time to time but in no sense took care of her for any extended length of time. The attorney also categorically denied a statement made by plaintiff that he

had made a serious threat to plaintiff to force her to reconvey.

The trial court found that a will executed in the same attorney's office 2 days after reconveyance was proof of decedent's intention to deed to all her children, or leave her property so that the children would get it as heirs. He overlooked the fact that the will drawn at the time does not so provide but left a specific amount of $500 to Fred Kuiper and the residue to 2 sons and a grandson, and made no provision whatsoever for plaintiff, another daughter, a son, and children of a deceased daughter. Subsequently decedent made another will leaving all of her property to Fred Kuiper. The latter will was admitted to probate after a contest and thereupon plaintiff began the instant case.

There was disputed testimony on the trial as to services rendered by plaintiff or the other children after the 1946 agreement. Whatever the truth may be, it is not material here, for there is no testimony whatsoever that services rendered to decedent were to be part of the consideration for decedent's supposed contract to convey or devise.

In proof of her main claim, that the deed of reconveyance was made pursuant to an agreement that the property would be left to all her children in equal shares and that the decedent practiced a fraud in making this agreement and had no intention of carrying it out, plaintiff was allowed to testify as to her version of the transaction and to matters precluded by the "dead man's statute," *supra,* over the objection of defendants, the trial judge reserving his decision until he rendered his opinion at the conclusion of the case. He then excluded the testimony but nevertheless followed it very closely in his opinion. Her testimony is conceded to be inadmissible. Without such testimony, the plaintiff did not make out a case, even if other objections on behalf of de-

fendants could be overcome. Upon the reading of the record as presented we find that after excluding plaintiff as a witness, there was insufficient proof of the existence of the agreement upon which plaintiff bases her action.

In her bill of complaint plaintiff states:

"That if said real estate becomes the property of plaintiff as the result of this suit, that plaintiff will make a fair division of said property among her brothers and sisters."

At the hearing plaintiff stated, "If the deed * * * is set aside, I will distribute it in equal shares to my brothers and sisters," and her attorney stated that in the event of a favorable decree, it could contain a provision that the property go to all the children. In order to substantiate her claim, plaintiff, in addition to her own testimony, had several of such children testify. There can be no question that if plaintiff had proved her claim and the judge had decreed that the property go to all the children as requested by plaintiff in her bill of complaint, there might be some force to defendants' objection that the children who testified for plaintiff actually testified for themselves and were opposite parties. However, the question becomes unimportant and requires no further discussion as the judge did not put the particular provision asked for in the decree, the effect of which was to revest the title solely in the plaintiff. We have often held that the repeal of the "dead man's statute," *supra,* is not a question for this Court but for the legislature of this State (*Smilay* v. *Sage,* 304 Mich 514). Until that time, this Court will not look with favor upon those who seek to avoid the force of its provisions, but will not extend its scope by strict construction. *Fojtik* v. *Lawson,* 303 Mich 568.

All of the children and the son-in-law who expected to benefit by the plaintiff's success, were, however, interested witnesses. For an analogous situation, see *In re Paquin's Estate,* 328 Mich 293, in which it was held that a witness who expected the proponent of a will to take care of her although he was under no legal obligation to do so was an interested witness in a will contest.

The evidence as to the existence of the agreement is, as a whole, very inconclusive. One disinterested witness, a neighbor, testified that decedent had expressed her dissatisfaction with plaintiff's conduct and that if she got the property back she was going to leave it so that all of the children would get something from the property but that plaintiff would get a lesser share. A son-in-law and also another daughter each testified that she wanted the return of the property so that she *could** divide it among her children; another daughter testified that she wanted the deed back so that "she could put all the rest of her children's names on it." On the other hand, 1 witness for the defendants testified about decedent's dissatisfaction with her children's conduct and told how she had been left alone when she needed help; that at the time decedent was 72 and Fred Kuiper was in his forties, and that Fred Kuiper had been good to her. Another witness testified that decedent had told her that she paid for the entire purchase price of the house and she did not want the children to have anything under her will. Two sons of the decedent also testified, one to the effect that his mother stated she wanted the property back so she *could** divide it among her other children; the other testified that she stated at the attorney's office that she felt as though she should get it back and when she did she would see that all of it was equally di-

---

* Emphasis supplied to words in italics.

vided. The sons, of course, were interested witness-
es. Additional doubt is cast upon their testimony
by the fact that the attorney present at the time, a
disinterested witness, testified that he had no rec-
ollection of the sons being in the office and he had an
entirely different understanding of the reason for
reconveyance. Even if the testimony of the sons is
taken to be true, however, the statements of decedent
were at most an expression of testamentary inten-
tion, and were far from constituting evidence of a
contract.

Careful reading of the testimony leads us to the
conclusion that at the most decedent may have had it
in her mind to leave the property to some of her chil-
dren but that there was no fraudulent promise made.
Fraud, while easily claimed, is not lightly proven.
Unless the testimony of the children, all interested
witnesses, and more particularly of the 2 sons, is
borne out by independent proof, it must be consid-
ered with a great deal of suspicion. We have re-
peatedly pointed out that admissions of a decedent
are the most unreliable proof known to the law and
should be received with most careful scrutiny. See,
for example, *Wild* v. *Wild,* 266 Mich 570; *Paris* v.
*Scott,* 267 Mich 400; *Hope* v. *Detroit Trust Co.,* 275
*Mich* 213; *Schulz* v. *Steffey,* 275 Mich 409; *Kerns* v.
*Kerns,* 303 Mich 23; and *Daugherty* v. *Poppen,* 316
Mich 430.

We have considered all the proofs in this case,
and in view of the interest of most of the witnesses,
the notorious unreliability of testimony as to admis-
sions of a decedent, and the inconsistency of certain
of the circumstances surrounding the agreement,
we do not find that plaintiff has established the ex-
istence of the agreement by a preponderance of the
credible evidence. We are quite satisfied, after care-
fully reading the record, that while decedent may
have expressed an intention to make a division of

the property among her children, she only received back from the plaintiff what was hers in the first place and what she believed she had a right to. We, therefore, find it unnecessary to consider defendant's other contentions. We hold that plaintiff was not entitled to a reconveyance.

The decree is reversed, with costs to defendants.

NORTH, C. J., and DETHMERS, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.