351 Mich. 326 (1958)
88 N.W.2d 452
In re POTTER ESTATE.
LEETE
v.
DEPARTMENT OF REVENUE.
Docket No. 50, Calendar No. 47,339.
Supreme Court of Michigan.
Decided March 5, 1958.
Alexander P. Leete, executor, for plaintiff estate.
Paul L. Adams, Attorney General, Samuel J. Torina, Solicitor General, T. Carl Holbrook and Percival R. Piper, Assistants Attorney General, for defendant.
Appellant's statement of facts has been duly accepted by the appellee department of revenue. That portion of the statement which is necessary to present decision reads as follows:
"On March 4, 1955, Carrie B. Potter opened a bank account in the names of Carrie B. Potter and Dorothy S. Ward, payable to either or the survivor, and deposited $77,780 therein. Carrie B. Potter died September 17, 1955. Since she died within 2 years of the time she opened the account, there is a statutory presumption (CLS 1956, § 205.201 [Stat Ann 1955 Cum Supp § 7.561]) that the transfer to the joint account was made in contemplation of death and therefore subject to Michigan inheritance tax.
*329 "Dorothy S. Ward, a niece of Carrie B. Potter, is the sole residuary legatee and devisee under the will of Carrie B. Potter which was executed April 15, 1943, and which has been admitted to probate. Appellant, Alexander P. Leete, is the executor of the estate of Carrie B. Potter and as such holds considerable property which will pass under the will to Dorothy S. Ward.
"Appellant filed a petition in the probate court to determine the inheritance tax, and offered testimony of Dorothy S. Ward in support thereof. The probate court excluded this testimony as being equally within the knowledge of the deceased and barred by the `dead man's' statute.[*]
"Appellant executor appealed to the Wayne circuit court. At the pretrial hearing the executor of the estate and the State of Michigan filed a stipulation of facts. Facts as to the transfer of the funds to the joint bank account were agreed upon and it was further stipulated for the sole purpose of determining whether the testimony of Dorothy S. Ward was admissible, that she would testify to certain other facts as to the circumstances surrounding the transfer of the funds to the joint bank account and as to the motive of Carrie B. Potter in making the transfer.
"Many of the surrounding facts can be corroborated, if necessary, by the testimony of other witnesses. However Dorothy S. Ward is the only living person who has any knowledge as to the motive of Mrs. Potter in making the transfer. If her testimony as to such motive is not admissible in evidence, appellant's case fails for he will then not have overcome the statutory presumption.
"At the pretrial hearing. Judge Jayne, after considering the stipulation of facts, entered an order that the question of the admissibility of Mrs. Ward's testimony should be first decided and if it were held admissible, then appellant should have an opportunity *330 to take her testimony and the testimony of any corroborating witnesses he might wish to present at the trial.
"The case was assigned for trial to Circuit Judge Rashid and was presented to him on the stipulation of facts, and he held that Mrs. Ward's testimony was inadmissible because of the `dead man's' statute."
BLACK, J. (after presentation of the statement of facts by counsel).
The attorney general, cooperating helpfully with us, has on request of the Court briefed "both sides" of the decisive question, stated as follows:
Is the State, in a proceeding as at bar, a "protected party" within meaning of the dead man's statute?
Our answer is "No." See In re Estate of Stephenson, 234 Iowa 1315 (14 NW2d 684); In re McGary Estate, 355 Pa 232 (49 A2d 350); Schultz v. United Telephone Co., 133 Kan 730 (3 P2d 506); and, generally, 97 CJS, Witnesses, § 138. p 578.
Reflective thought upon the statute leads to observation that it was purposed toward protection of an identified class of litigant parties and that the class does not include a taxing unit the claim of which is presented either against the decedent's estate or an "assign" of the decedent. Here the claimant of the bank account is the "protected party" and the State is the "opposite party." As was said in the venerable yet valuable work known as Perkins' Evidence By Survivor (p 110):
"Therefore, whenever any of the protected parties are on one side of the controversy and a person not so protected is on the other, the latter is the `opposite party' and excluded as a witness: but under such circumstances the statute does not prohibit the representative or the other persons protected from either testifying or calling interested witnesses to testify in their behalf. They are not *331 opposite parties. Besides, the amendment is for their protection."
The author (Judge Perkins) states a presently worthy conclusion on page 122. Having identified his subject as being "Those cases wherein the heirs, assigns, devisees, legatees, or representatives, any one or more of them, are upon one side of the controversy and third-party claimants  that is, strangers to the estate  are upon the other," he goes on to say:
"Here the statute has its full force and effect in excluding as witnesses all third-party claimants as to any matter which, if true, was equally within the knowledge of the deceased. But, obviously, when the parties are so situated, the statute does not exclude the protected parties themselves from testifying in their own behalf or from calling other witnesses for that purpose. It applies only and is strictly confined to `opposite' parties in interest, and not to those for whose benefit it was passed; and third-party claimants generally are such `opposite' parties."
For the benefit of the profession generally we refer to Fojtik v. Lawson, 303 Mich 568 and to the comment upon our dead man's statute which appears at page 571 of the report.[**] It is time to say again that:
"The courts, particularly in recent years, have shown no disposition to extend the scope of the statute by strict construction. In fact, textbook writers have questioned whether the statute has not a tendency to cause more injustice than it prevents, and whether under certain circumstances, with proper warning, such evidence should not be received."
*332 The fact that Mrs. Ward will now become a competent witness by no means decides the controversy below. We apprehend that such of her testimony as may be found admissible  as against other possible objections  will be duly weighed and considered, along with the statutory presumption on which the State relies and such other proof as may be submitted and received, as the circuit court proceeds to determine the ultimate issue  whether the joint account was created by the decedent in contemplation of death.
Reversed and remanded for further proceedings in accord with this opinion. No costs.
DETHMERS, C.J., and CARR, KELLY, SMITH, EDWARDS, and VOELKER, JJ., concurred.
KAVANAGH, J., took no part in the decision of this case.
NOTES
[*] CL 1948, § 617.65 (Stat Ann § 27.914).  REPORTER.
[**] For similar comment, see extended discussion in the American Law Institute's Model Code Of Evidence, commencing on page 92; 2 Wigmore on Evidence (3d ed), § 578, pp 695-698; 1 Morgan, Basic Problems of Evidence, pp 84, 85.