*In re* POTTER ESTATE.

LEETE *v.* DEPARTMENT OF REVENUE.

1. APPEAL AND ERROR—NONJURY CASES—REVIEW BY SUPREME COURT.
   The Supreme Court does not hear and decide, *de novo*, law cases heard by a court without a jury (Court Rule No 64 [1945]).

2. TAXATION—INHERITANCE TAX—TRANSFER IN CONTEMPLATION OF DEATH—PRESUMPTION—EVIDENCE.
   Finding of trial court that statutory presumption that transfer of $77,780 to joint savings account with transferor's niece, some 7 months before transferor's death was made in contemplation of death and was, therefore, subject to an inheritance tax was not overcome by evidence presented, *held*, not against the clear preponderance of the evidence (CLS 1956, § 205.201).

Appeal from Wayne; Rashid (Joseph G.), J.   Submitted January 13, 1959.   (Docket No. 52, Calendar No. 47,858.)   Decided February 19, 1959.

In the estate of Carrie B. Potter, deceased, the executor, Alexander P. Leete, petitioned for determination that joint bank account with niece be ex-

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error § 817.
[2] 28 Am Jur, Inheritance, Estate and Gift Taxes § 155.
   When transfer deemed to be one in contemplation of death within meaning of inheritance tax law.   41 ALR 989, 75 ALR 544, 120 ALR 170, 184.

empt from inheritance tax. From determination, sought by Department of Revenue, State of Michigan, that account was subject to tax, plaintiff appeals. Affirmed.

*Alexander P. Leete,* executor, for plaintiff estate.

*Paul L. Adams,* Attorney General, *Samuel J. Torina,* Solicitor General, and *Percival R. Piper,* Assistant Attorney General, for defendant.

BLACK, J. An evidentiary phase of this proceeding came to decision in *In re Potter Estate,* 351 Mich 326 (66 ALR2d 325). On remand the executor's appeal from probate to circuit was tried to the court without a jury. The witness Ward testified fully in support of the executor's petition. The circuit judge thereupon ruled that the petitioner-executor had failed to sustain the burden of overcoming the statutory presumption,* to which presumption reference was made in our previous opinion, and entered an order affirming the probate court's determination that the executor's petition should be denied. From such order the executor has taken this appeal.

The facts necessary to fair understanding of the pleaded issue appear in *In re Potter Estate, supra.* As to Mrs. Ward's ensuing testimony, the executor insists that same clearly shows that the transfer, of $77,780, by the decedent to the joint (savings) account mentioned in our previous opinion, was made "to enable Mrs. Ward to replenish the joint checking account if needed to pay Mrs. Potter's medical, hospital, nursing and household expenses." It is conceded by all that such testimony, and the mentioned presumption, presented a question of fact below (see *In re Kutsche's Estate,* 268 Mich 659).

---

* See CLS 1956, § 205.201 (Stat Ann 1957 Cum Supp § 7.561).— REPORTER.

As counsel are wont to do, each draws different inferences from the testimonial record and insists that such inferences call for conclusion favoring his pleaded view of the case. Thus, and again, we are asked to judge favorably the weight and credibility of testimony the constituted fact-trier has appraised and found dissatisfactory, and to conclude that such fact-trier has reached the wrong fact-verdict. To this we wearily rejoin that this Court does not hear and decide, *de novo,* cases brought here by authority of Court Rule No 64 (1945). (See *Barnes* v. *Beck,* 348 Mich 286; *Northwest Auto Co.* v. *Mulligan Lincoln-Mercury, Inc.,* 348 Mich 279.)

The circuit judge found from the "large" amount of the transfer; from the advanced age and developing disability of the decedent; from the fact that the decedent had a separate income of substance (approximately $1,000 per month) which was subject to direct use for her expenses; from the fact that "there were discrepancies" in Mrs. Ward's testimony, and from the fact that death occurred within 7 months after the bank account transfer, "that the petitioner's proofs do not overcome the statutory presumption that the joint bank account opened March 4, 1955, within 2 years of the death of Carrie Potter was made in contemplation of death."

No proof suggests that these findings are improper or strained. Assuredly we are not persuaded that they violate our rule of "clear preponderance." We therefore affirm, with costs to appellee.

DETHMERS, C. J., and CARR, KELLY, SMITH, EDWARDS, and VOELKER, JJ., concurred.

KAVANAGH, J., did not sit.