**In the Matter of the ESTATE of J. M. NEWBY, Deceased.**

**In the Matter of the ESTATE of Mary Ann NEWBY, Deceased.**

**No. 53001.**

Supreme Court of Iowa.

June 11, 1968.

**498**

Francis J. Pruss, Cedar Rapids, for Martha Perrenoud, objector-appellant.

Johnson, Phelan & Tucker, by Robert N. Johnson, Fort Madison, for executors-appellees.

SNELL, Justice.

This appeal is from the orders and judgment of the trial court incident to the probate of the estates of J. M. Newby and Mary Ann Newby, both now deceased.

The proceedings were in probate in the two estates and were consolidated for hearing and determination. The proceedings were tried as in equity and are re-

viewable de novo.  Section 633.33, Code of Iowa.

J. M. Newby and Mary Ann Newby were husband and wife and the parents of six children.  They owned as tenants in common two farms and some other property.  They executed reciprocal wills.  The wills bear the same date (February 1, 1955), were witnessed by the same witnesses, made reciprocal provisions for each other and otherwise made identical disposition of their estates.

J. M. Newby died July 31, 1956.  His will was admitted to probate on September 10, 1956.  Harold J. Newby and Kenneth Edward Newby, nominated as such therein, qualified as executors.

The parts of his will material herein provided:

"2.  I give, devise, and bequeath all of my property whether it be real, personal, or mixed, to my wife, Mary Ann Newby, for the term of her natural life, with full power to sell, mortgage, or otherwise dispose of, including the willing of, any or all of my property without first obtaining an order of Court.

"3.  I recite that even though I may be receiving a one-third distribution of income from the farm partnership of J. M. Newby and Sons, that neither my wife nor I own any of the farm machinery, tools, equipment, and livestock used in the operation of that partnership, but the said property is the property of Harold J. Newby and Kenneth Edward Newby, equally.

"4.  In the event of the death of my wife before me or upon her death after mine, I direct that my Executors hereinafter named shall reduce all of my remaining estate to cash without first obtaining an order of Court and without posting bond therefor, in the following manner and to distribute the proceeds therefrom as follows:

"(a)  The farm known as the home place shall be appraised separately by three

appraisers, one of whom shall be selected by my son, Harold J. Newby, and one of whom shall be selected by the remainder of my children, and the two appraisers so selected shall select a third appraiser. My son, Harold J. Newby, shall have the right to purchase that farm at such appraised price, less forty per cent and shall have the right to use his one-sixth interest in the distribution as part of the purchase price. If the said Harold J. Newby refuses to buy the said farm at the said price, then the said farm shall be sold at either private sale or public auction sale for the best price in the judgment of my Executors.

"(b) The farm known as the Taylor place shall be appraised by three appraisers, one of whom shall be selected by my son, Kenneth Edward Newby and one of whom shall be selected by the remainder of my children, and the two appraisers so selected shall select a third appraiser. My son, Kenneth Edward Newby, shall have the right to purchase that farm at such appraised price, less forty per cent and shall have the right to use his one-sixth interest in the distribution as part of the purchase price. If the said Kenneth Edward Newby refuses to buy the said farm at the said price, then the said farm shall be sold at either private sale or public auction sale for the best price in the judgment of my Executors.

"(c) The reason for permitting the above purchases at forty per cent less than the appraised price is that my two sons, Harold J. Newby and Kenneth Edward Newby have remained on the farm and have helped to develop and increase the value of the farms and their earnings from the farms have substantially paid for the mortgages due on the farms."

Proceeds from all sales were to be distributed in equal shares to his six children.

Harold J. Newby and Kenneth Edward Newby were in possession of the two farms as tenants and continued as tenants of their mother.

On February 7, 1961, Mary Ann Newby, the life tenant with power of disposal under the will of her husband and the owner of an undivided one-half interest in the real estate, filed in the estate of J. M. Newby a petition for declaratory judgment. In her petition she asked for approval of an arrangement and agreement she had made with Harold and Kenneth. Attached thereto was a signed copy of the agreement.

This agreement provided in substance that Harold and Kenneth had paid for Mrs. Newby's necessities including lodging, fuel, food and medical attention and that said payments were considered as rent. It further provided that the two sons had paid taxes, insurance, maintenance expenses and improvement expense, together with principal and interest payments. Records had been kept and accounting was attached.

It was "agreed and is agreed between all of the parties hereto that the parties of the second and third part shall, following the death of the party of the first part, be refunded the said expenditures to the extent of forty per cent of the said expenditures. The remaining sixty per cent of the said expenditures has been and shall be considered as rent by the party of the first part. The said refund to the parties of the second and third part shall be without interest. * * *

"The party of the first part does hereby expressly approve all of said expenditures as being items refundable to the parties of the second and third part at forty per cent of the total of such expenditures, following the death of the party of the first part.

"It is agreed between the parties hereto that the arrangement between the said parties, as recited above, shall continue during the lifetime of the party of the first part, unless otherwise changed by written agreement between the parties hereto.

"In making this agreement, the party of the first part is exercising not only the rights that she has as an owner of one-half

of the real estate prior to the death of J. M. Newby, but also under the provisions of Paragraph Two of the Will of J. M. Newby, deceased, giving to her full power to sell, mortgage, or otherwise dispose of any or all of the property of the said J. M. Newby, deceased."

Notice of the hearing thereon was given by mail as prescribed by the court. Hearing was had and on May 7, 1961 a declaratory judgment was entered. The judgment concluded with these words:

"NOW, therefore, it is hereby adjudged and decreed that Mary Ann Newby, life tenant, has, and she is hereby declared to have the power and authority to enter into the agreements pleaded and any future like agreements; that the same are binding upon the estate of J. M. Newby, deceased, his assets, beneficiaries, legatees and devisees; that the said agreements are hereby approved."

Mary Ann Newby died December 11, 1964. Her will, with provisions as set out supra, together with a codicil dated March 27, 1961, was admitted to probate on January 4, 1965. Harold J. Newby and Kenneth Edward Newby, nominated as such therein, were appointed executors and qualified as such.

The codicil to the will of Mrs. Newby provided:

"5. In the event and only in the event any of the persons named in subparagraph 'e' of Paragraph 4 of the Will of J. M. Newby, deceased, and/or in subparagraph 'e' of Paragraph 4 of my Will should contest, attempt to contest, attempt to break, or attempt to set aside either the Will of J. M. Newby, deceased, or my Will or any written contract that I have entered into during my lifetime, then and in that event I hereby exercise the powers given to me in Paragraph 2 of the Will of J. M. Newby, deceased, to will the assets of that estate and also to provide hereby for the distribution of the assets of my own estate and in the following manner: I direct that the share of any such person as provided for in the said Wills shall lapse and that such person shall receive nothing under the Will of J. M. Newby, deceased, or under my Will."

Attached to the inventory in Mrs. Newby's estate were copies of the agreements and accounting which were the subject of the Declaratory Judgment in Mr. Newby's estate.

Following the death of Mrs. Newby, appraisers were appointed as provided in the wills of Mr. and Mrs. Newby. The appraisers' report is dated January 2, 1965. It was filed with the executors and filed with the clerk of the district court on July 18, 1966 preparatory to the proceedings for sale of the farms and closing of the estate.

An application was made for appointment of an administrator with will annexed to make the conveyances provided for in the will of Mrs. Newby. An identical application was made in the J. M. Newby estate. The same person was appointed to act in both estates. Report of sale pursuant to the wills and appraisement was made in each estate.

On July 29, 1966 a First and Final Report was filed in each estate. The reports were companion instruments and made the same accounting. Each report stated that the sale of the farms as provided in the will had been executed. A proposed distribution schedule was attached. An amendment to the reports was filed August 9, 1966 making certain mathematical corrections. Objections to the reports were filed by Martha Perrenoud, one of the residuary beneficiaries. An amendment to objections in 21 separately numbered paragraphs was filed.

Counsel for objector was very vigorous in search for information and scrutiny of every item. He took depositions and the court permitted wide examination into the bank accounts, checks and records of Harold J. Newby, Kenneth Edward Newby and Mary Ann Newby.

After hearing the court sustained objections in two minor particulars. There had been no showing as to what happened to a certificate of stock of National Farm Loan Association and no proper accounting of a White Cross insurance check. As to these items the objections were sustained.

The court ordered payment of interest on the purchase price of the farms from January 1, 1965 and taxes for 1965 and following years. Otherwise the objections were overruled.

The objector has appealed. We affirm.

I. Objector argues that the refund credits claimed by and allowed Harold and Kenneth were creditor's claims and as such should have been filed as such against the estate. Based on this contention objector argues that the claims were barred after six months. Objector cites sections 633.11, 633.83, 633.410, 633.431 and 633.433, Code of Iowa, 1962. We assume the reference to the Code of 1962 is a typographical error. The Iowa Probate Code found in chapter 633, Code of 1966 was in effect when this case was tried. Our reference is to the Code of 1966.

II. Section 633.11 authorizes declaratory judgments in probate. There is nothing in the statute preventing determination of issues such as we have here in a hearing on final report.

III. Section 633.83 says upon showing of advantage to the estate the court may authorize a fiduciary to continue the business of the estate. J. M. Newby was a veterinarian. He was not operating the farms. His interest in the rent passed to Mrs. Newby as life tenant. The executors had no interest therein. Executors are not liable for rents due a life tenant. In Re Estate of Myers, 234 Iowa 502, 511, 12 N.W.2d 211, 150 A.L.R. 254. As will be shown in Division XI hereof the trial court provided for the estate's interest in the farm land subsequent to Mrs. Newby's death.

IV. Section 633.410 provides for filing of claims within six months and that they are barred thereafter. The purpose of this statute is to provide for the orderly determination of claims within the period of administration. Allowances made by a fiduciary without notice are "subject to correction at any time before final settlement." In Re Estate of Sterner, 224 Iowa 605, 615, 277 N.W. 366.

That Harold and Kenneth had a claim for a refund of expenditures was established by Mrs. Newby in her lifetime. She approved the expenditures and directed that the arrangement continue. She reported her approval to the court and after notice it was approved.

The inventory in Mrs. Newby's estate was filed 24 days after her death. It had attached thereto copies of the previously approved agreements. The amounts due thereunder were computed and set forth in the final report. Hearing was had in an open and adverse proceeding.

The filing of the contract served as the filing of a claim. The hearing on final report determined the amounts to be allowed. There is no merit in the objection that the claims were barred. In Re Estate of Myers, supra, presented a comparable situation. We said:

"Objection is made by appellees that there was no claim filed in the estate for this amount. But the charge consisting, as we believe it did, of a note, it could be paid by the executors without the actual filing of a claim. See In re Estate of Plendl, 218 Iowa 103, 253 N.W. 819, citing In re Report of Atkinson, 210 Iowa 1245, 232 N.W. 640, and quoting from In re Estate of Harsh, 207 Iowa 84, 218 N.W. 537." (Loc. cit. 234 Iowa 510, 12 N.W.2d 215)

Here the amounts found to be due were claimed as offsets on the purchase price of the farms. We have held that for the purpose of use as an offset it makes no difference that the claim is barred by this special statute of limitations. See In Re

Estate of Stephenson, 234 Iowa 1315, 1320, 14 N.W.2d 684.

█ V. Section 633.431 provides for the appointment of a temporary administrator to allow or disallow claims of a personal representative. Here the right to the refunds was established by Mrs. Newby. The amounts were established by the court after adverse scrutiny by objector. There was nothing for a temporary administrator to do.

█ VI. Section 633.433 provides for payment of debts and charges before and after expiration of six months. It is not applicable here.

VII. Objector argues that Harold and Kenneth should be charged the fair reasonable rental value of the farms from July 1956 when Mr. Newby died to December 1964 when Mrs. Newby died. Objector claims any offsets should be only against these amounts. We have said in Division III the rents belonged to Mrs. Newby. There is no claim that she was incompetent. The instruments drawn for her show that she had competent legal counsel.

█ Mrs. Newby provided what the rents should be. If she was satisfied the matters urged by objector are immaterial.

VIII. Objector argues that Harold and Kenneth lost their right to purchase by failing to promptly and in writing exercise their options. We do not agree.

Each of the wills involved gave each of the two sons a right to purchase and the right to use his one-sixth of the estate as part of the purchase price. Such a provision would of necessity make the final accounting a part of the computation of the cash to be paid. The wills made no mention of the time within which the rights to buy must be exercised or of any requirement for written notice but did provide for procedure in event of refusal.

Mrs. Newby died December 11, 1964. Appraisers were promptly selected by the method provided in the wills. The appraisers acted. There is no claim of an improper appraisement or any secrecy on the part of anyone. There was other property, including other real estate to liquidate.

The codicil to the will of Mrs. Newby provided that in the event any beneficiary should contest her will "or any written contract I have entered into during my lifetime", the share of such person should lapse.

Section 633.309, Code of Iowa, authorizes an action to set aside probate of a will within one year from the date of the second publication of notice of admission. The second publication was on January 14, 1965. The application for appointment of administrator with will annexed to complete the sale of the two farms and the final report and proposed distribution were filed July 29, 1966.

The farms had been throughout and still were subject to a real estate mortgage. Undoubtedly refunding was required.

█ No notice of refusal to buy as mentioned in the wills was ever given. It is not reasonable to think that anyone ever had any doubt about Harold and Kenneth claiming the benefits given them. Failure to file formal acceptance is not important. Counsel for appellees concedes that some action was required within a reasonable time. Under the circumstances shown here we cannot say that there was such unreasonable delay as to defeat the right to buy pursuant to the wills.

Cases such as In Re Estate of Eckey, 192 Iowa 572, 185 N.W. 118, and In Re Estate of Zach, 257 Iowa 234, 131 N.W.2d 484 in discussing options to buy do not support objector's claim that the options were lost.

IX. Objector argues that the farms have increased in value and should be reappraised. No attack is made on the original appraisement.

Appellees say that they recognize "these farms along with all other real estate in Iowa have increased in value during the same corresponding period of time and that should have nothing to do with the equities under these issues."

 This is not an ordinary sale in probate. It is a sale under the wills and pursuant to their provisions. The wills speak from the death of Mrs. Newby. Lorieux v. Keller, 5 Iowa 196, 201, Bjornstad v. Fish, 249 Iowa 269, 276, 87 N.W.2d 1.

In Floerchinger v. Williams, 260 Iowa 53, 148 N.W.2d 410, 413, this quotation appears: "It is fundamental law that a will speaks from the death of testator, and rights of the parties accrue at that time."

The rights of Harold and Kenneth accrued when Mrs. Newby died. The farms were appraised very soon thereafter. If the property has increased in value that is their good fortune.

X. Objector says executors are subject to removal for breach of their duties and cites many authorities to that effect. We need not discuss this proposition. It is the law. In attempting to apply this law to the case before us the objector is hypercritical, obviously grounded in disappointment.

We have examined the record, the exhibits and the court files in both Newby estates. We find nothing to indicate any grounds for removal.

XI. The trial court found that Harold J. Newby and Kenneth Edward Newby should pay interest at the rate of 5 per cent per annum on the unpaid balance of their contract from January 1, 1965 to the date that the sale is completed for the reason that the purchasers are vendees in possession.

This is in accord with the law. Swanson v. Baldwin, 250 Iowa 342, 347, 93 N.W.2d 740; In Re Estate of Kaldenberg, 256 Iowa 388, 393, 127 N.W.2d 649; In Re Estate of Zach, 257 Iowa 234, 238, 131 N.W.2d 484.

XII. Objector's complaints were pursued with vigor. The case was carefully considered by the trial court and correctly decided.

The case is

Affirmed.

All Justices concur.