## RUSSELL v OGILVIE

1. STATUTES—DEAD MAN'S STATUTE—STRICT CONSTRUCTION.

   Michigan's courts have, by strict construction, shown no disposition to extend the scope of the dead man's statute (MCLA 600.2166; MSA 27A.2166).

2. WITNESSES—DEAD MAN'S STATUTE—DEATH—INCOMPETENCY—AMNESIA—STATUTES.

   It is not necessary for a person to be adjudged mentally incompetent or insane in order to invoke the dead man's statute, but the person incapable of testifying must still be incapable by reason of death or incompetency; therefore, a plaintiff with retrograde amnesia, who is unable to recall events shortly before and after the accident for which he is seeking damages, is not incapable of testifying and thus is not incompetent as the term is used in the context of the statute; to include an amnesiac within the coverage of the statute runs counter to the express policy in this state of not expanding the scope of the dead man's statute (MCLA 600.2166; MSA 27A.2166).

3. APPEAL AND ERROR—NEGLIGENCE—QUESTIONS OF FACT—JURY QUESTIONS— INFERENCES—CONTRIBUTORY NEGLIGENCE.

   Questions of fact regarding a plaintiff's contributory negligence were properly presented to the jury in an action for damages for injuries sustained in an automobile accident where the defendant introduced sufficient evidence from which the jury might infer contributory negligence.

4. APPEAL AND ERROR—JURY VERDICT—MISCARRIAGE OF JUSTICE.

   The Court of Appeals will not substitute its judgment for that of a jury unless a careful review of the record reveals a miscarriage of justice.

Appeal from Manistee, Charles A. Wickens, J.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 81 Am Jur 2d, Witnesses §§ 305, 316.

[2] 81 Am Jur 2d, Witnesses §§ 340–343.

[3] 5 Am Jur 2d, Appeal and Error § 834.

[4] 5 Am Jur 2d, Appeal and Error §§ 702, 726.

Submitted November 3, 1977, at Grand Rapids. (Docket No. 29688.) Decided January 5, 1978.

Complaint by Dennis Russell against Scott Ogilvie and Doris Ogilvie to recover damages for injuries resulting from an automobile accident. Judgment for defendants. Plaintiff appeals. Affirmed.

*Jennings & DeVries,* for plaintiff.

*Rhoades, McKee & Boer* (by *Michael W. Betz),* for defendants.

Before: R. M. MAHER, P. J., and M. F. CAVANAGH and N. J. KAUFMAN, JJ.

PER CURIAM. Plaintiff brought an action to recover for injuries he suffered when the car in which he was a passenger left the road and struck a tree in the early morning hours of July 12, 1971. The automobile was owned by defendant Doris Ogilvie and driven by her son, defendant Scott Ogilvie. The jury returned a verdict of no cause of action. Plaintiff's motion for a new trial was denied and he appeals as of right.

The trial court erred, plaintiff charges, in permitting the defendant to testify to the events immediately preceding the accident. Plaintiff testified that he had no recollection of the events during the time from 3 to 4 days before the accident to several days afterwards. His physician testified that plaintiff suffered from retrograde amnesia, a loss of memory affecting a period immediately prior to a precipitating cause. Consequently, defendant's testimony, charging plaintiff with contributory negligence, was the only evidence of events leading up to the accident.

Plaintiff objected to the admission of such testi-

mony on the basis of the dead man's statute; that is, plaintiff claims that inasmuch as he was incapable of testifying within the meaning of the dead man's statute, defendant should not have been allowed to testify to events of which plaintiff had no memory.

The much criticized dead man's statute, MCLA 600.2166; MSA 27A.2166 provides in part:

"(1) In an action by or against a person incapable of testifying, a party's own testimony shall not be admissible as to any matter which, if true, must have been equally within the knowledge of the person incapable of testifying, unless some material portion of his testimony is supported by some other material evidence tending to corroborate his claim.

"(2) A 'person incapable of testifying' includes an individual who is incapable of testifying by reason of death or incompetency * * * ."

Courts, recognizing that the statute impedes the fact finding process, have questioned whether the statute has caused more injustice than it prevents. *Fojtik v Lawson,* 303 Mich 568; 6 NW2d 895 (1942), *Smilay v Sage,* 304 Mich 514; 8 NW2d 158 (1943), *In re Potter Estate,* 351 Mich 326, 331; 88 NW2d 452 (1958), and commentaries cited therein. In Michigan, as a result of such criticism, courts have, by strict construction, shown no disposition to extend the scope of the statute. *Mallery v Van Hoeven,* 332 Mich 561, 566; 52 NW2d 341 (1952).

Plaintiff would nevertheless have us extend the scope of the statute to one suffering from retrograde amnesia. He argues that because it is not necessary, as formerly it was, for a person to be adjudged mentally incompetent or insane in order to invoke the statute, it can be enlarged to include one in plaintiff's situation.

While it is true that there no longer need be a judicial determination of incompetence, the person incapable of testifying must still be incapable by reason of death or incompetency. The plaintiff in this case was not incompetent as the term is used in the context of the statute.[1] Indeed, plaintiff was not incapable of testifying at all. He was merely unable to recall events shortly before and after the accident. That is not the type of incapability envisioned by the statute. *Cf. Sturman v Johnson,* 209 Va 227; 163 SE2d 170 (1968). To include an amnesiac within the coverage of the statute runs counter to the express policy in this state of not expanding the scope of the dead man's statute.

Another panel of this Court has rightly refused to extend the dead man's statute to include one suffering from traumatic amnesia. The Court noted the policy against extending the statute beyond its original meaning and advanced another valid reason for adhering to a strict interpretation in the circumstances.

"Foreseeably, the rule for which plaintiffs contend would encourage future plaintiffs, particularly plaintiffs whose claims would otherwise be vitiated by the taint of contributory negligence, to feign convenient loss of memory." *Howell v King,* 77 Mich App 272, 277; 258 NW2d 200 (1977).

The trial court's refusal to extend the dead man's statute to one suffering retrograde amnesia is entirely consonant with the express policy of our courts.

---

[1] Subsection 4 of the statute provides that if the deposition or testimony of a person is taken "in his lifetime or *when he is mentally sound,"* that testimony may be used in any subsequent litigation and the bar upon testimony is completely lifted. Clearly, then, the incapability referred to in subsection 2 of the act denotes death or mental unsoundness and nothing more. (Emphasis added.)

Plaintiff also claims the trial court erred in submitting the issue of contributory negligence to the jury. There was no error. Defendant introduced sufficient evidence from which a jury might infer contributory negligence. It was not only proper but necessary that this question of fact be submitted to the jury. *Jaworski v Great Scott Supermarkets,* 71 Mich App 235; 247 NW2d 363 (1976).

Nor was the jury's verdict against the great weight of the evidence, as is contended:

"This Court will not substitute its judgment for that of the jury unless a careful review of the record reveals a miscarriage of justice. *Williams v Fiedlar,* 22 Mich App 179; 177 NW2d 461 (1970), *aff'd* 386 Mich 221; 191 NW2d 52 (1971)." *Durbin v K-K-M Corp,* 54 Mich App 38, 58; 220 NW2d 110 (1974).

In view of the evidence presented at trial both as to defendant's negligence and plaintiff's contributory negligence, we cannot say that a miscarriage of justice occurred.

Affirmed.