## Solomon B. Bliss v. Valorous A. Paine and another.

Where a notice is attached to a declaration, that a note, a copy of which is given, will be read in evidence under such declaration, and the sheriff returns that he has served on the defendant a copy of the declaration and notice, this return necessarily implies service of a copy of the note, since that constitutes an essential part of the notice.

Where the testimony of a Notary was taken on commission to show the presentment and dishonor of a note, and notice by him to the parties, and he only stated in reply to the interrogatories that *from entries in his register it appeared* that the note was dishonored and notice given, but did not say who presented the note for payment, or who served the notice, it was *held* that this reply was not admissible in evidence.

Where a cause is tried by a Circuit Judge without a jury, and improper evidence is admitted to establish a material point, and the nature of the case is such that it can not be presumed that other evidence was given on that point, the Supreme Court will reverse the judgment, notwithstanding the bill of exceptions does not state that all the evidence is set forth.

The answer of a witness under a commission is not admissible unless it would have been admitted had he been examined in open Court on the stand.

*Heard July 19th. Decided December 6th.*

Error to Saginaw Circuit.

The suit was commenced in the Court below against Bliss by the filing and service of declaration. The declaration contained the common counts only, appended to which was the following notice:

" To the within named defendant : Take notice that on the trial of this cause a certain note of which the following is a copy, will be given in evidence, under the money counts of the within declaration, according to the statute.

J. G. Sutherland, *Plaintiffs' Attorney.*"

Then followed a copy of the note, which was indorsed by Bliss.

The sheriff's return of service of the declaration was as follows :

" State of Michigan, County of Saginaw, ss. I do hereby return that, on the 19th day of February, 1859, I served on the within named Solomon B. Bliss a declaration, of which the within is a copy, and upon which was endorsed a notice

of which the notice hereon is a copy, by delivering the same to him.

J. W. TURNER, *Sheriff.*"

On the trial by the Court without a jury, plaintiffs offered the note in evidence under the above notice, which was objected to on the ground that it did not appear from the return of the sheriff that a copy of the promissory note was served on defendant. The objection was overruled, and the note read in evidence.

To prove presentment and dishonor of the note, and notice thereof to Bliss, the deposition of Gardner Spring, Jr., taken on commission, was offered. The third and fourth interrogatories addressed to him, and the answers thereto, were as follows:

" *Third Interrogatory.* — If in answer to the last preceding interrogatory, you say said note was in your hands for the purpose of presenting the same for payment, state whether you presented the said note for payment, and at what place, and to whom you presented the same; state by whom the said note was protested, and by whom the instrument annexed to said note and attached to the interrogatories purporting to be a protest was made: state what notice, if any, of such protest was served on the endorser, whose name appears on the back of said note as S. B. Bliss, and in what manner served.

" *Fourth Interrogatory.*—If in answer to the last preceding interrogatory, you say you served notice of protest of said note on said indorser S. B. Bliss, by sending the same by mail, state when and where such notice was mailed, to what person and place directed, and whether the postage was pre-paid, and upon what inquiry and information touching the place of residence of said S. B. Bliss you mailed as aforesaid the said notice of protest."

" *Third.* —In answer to the third interrogatory:

"*Answer.*—From entries in my notarial register, made at the time, in the regular course of my business as Notary

for the Mechanics' Bank in the city of New York, it appears that on the 25th day of May, 1854, said note was presented during banking hours at the counter of the Metropolitan Bank, in the said city, to the paying teller of said Bank, and payment demanded and refused. The note was thereupon on the same day protested by me for non-payment, and the certificate of protest referred to in this interrogatory, and annexed to the said note, marked "A," was made and signed by me at the time. A notice, of which the annexed exhibit marked "B" is a copy, was forwarded, as appears by the entry in my said register, by mail, as is more fully stated in my answer to the next succeeding interrogatory.

"*Fourth.*—In answer to the fourth interrogatory.

"*Answer.*—A notice, of which the annexed marked "B" is a copy, was, as appears by the entries in my said register, made at the time and in the usual course of my business as above stated, deposited, postage paid, in the post office of the city of New York, on the 26th day of May, 1854, addressed to S. B. Bliss, and enclosed under cover addressed to A. E. Foot, Esq., assistant cashier, Cleveland, Ohio. There was no memorandum on the note itself showing the residence of said Bliss, and none of the parties upon the paper resided in this city, of whom inquiry might be made: consequently I was without knowledge or information or sources of information as to the residence of said Bliss, and accordingly the notice for him was sent under cover to the holder of the paper, as is the invariable custom in such cases."

No cross interrogatories were attached to the commission.

The answers as above given were objected to by defendant on the trial, on the ground that the witness did not testify of his own knowledge, nor did he state that the entries in the register were made by him or under his direction, or that he knew the statements therein were true. The Court overruled the objections.

Other objections were taken which are not material to be noticed. The Court gave judgment for the plaintiffs below, and the case was brought to this Court for review on the exceptions taken to the rulings on the trial.

*J. B. Dillingham* and *Maynard & Meddaugh*, for plaintiff in error:

1. In order to have rendered the note admissible, it first should have been made *affirmatively* to appear that a copy of the note was served with the declaration.

2. The witness, Spring, testifies that he was a Notary Public; that "from *entries* in his notarial register, made &c., it appears," &c.

In such a case, to render the testimony admissible, it should appear that the witness recollects having seen the writing before, and that at the time he saw it, he knew the contents to be correct: — 1 *Greenl. Ev.* § 437; 2 *Phil. Ev.* 917, *and notes thereto;* 15 *N. Y.* 485; 16 *Wend.* 596.

But the witness must have made the memoranda or writing himself: — 16 *Wend.* 596; 6 *Pick.* 222.

And the opposite counsel is entitled to see the memoranda and to cross-examine the witness in reference to them: — 1 *Penn.* 414–415; 1 *C. & P.* 522; 2 *C. & P.* 603.

We are aware that there are instances where memoranda may be used by a witness in which none of these things are required. But they are cases where the witness merely uses them to *refresh* his memory; when, having refreshed his memory from them, he is able independently of them to testify to the facts: — 1 *Greenl. Ev.* § 437, *and the cases above cited.*

*Sutherland & Miller*, for defendants in error:

I. The note was properly admitted in evidence.

1. The Court will presume that all necessary evidence was introduced to sustain the judgment unless the bill of

exceptions shows the absence of such proof; for error must affirmatively appear:— *Burnham v. People*, 3 *Mich.* 195; 6 *How.* 31; *Farmers and Mechanics' Bank v. Troy City Bank*, 1 *Doug.* 457, 465; 1 *Eng.* 431; *Ibid.* 456.

The statute requiring a copy of the note to be served with the declaration applies only to cases where parties are joined who could not be sued jointly independently of the statute:— 1 *Denio*, 105.

A copy of the note was added to the declaration filed, and the plaintiffs below were at liberty to show service of a copy of the note with the declaration by evidence on the trial. Such proof will be deemed to have been given, in order to support the judgment, unless the contrary appear.

2. The note was admissible under the common money counts:— 16 *Wend.* 659; 7 *Wheat.* 35; 12 *Johns.* 90; 7 *Johns.* 132; 4 *Fost.* 191; 2 *Seld.* 19.

II. There is no error in the admission of the answers of Spring to the 3d and 4th interrogatories. The exception covers all of the answers, and a part of each is unquestionably admissible, that is to say:

1. The protest mentioned in the answer to the third interrogatory, and the statement that the witness made it.

2. What is stated in the answer to the 4th interrogatory in regard to none of the parties to the paper residing in New York, and the absence of any note or memorandum as to where they resided, and the custom to send to holder of the paper.

The objection, not being good as to all the testimony objected to, could not be allowed without doing a wrong to the other party. In such case the exception not pointing out the part inadmissible, and not being confined to that, can not be maintained:— 1 *Pet,* 328; 12 *Wend.* 504; 8 *Wend.* 109; 4 *Metc.* 235; 13 *Pet.* 302.

III. The case was tried by the Court, without a jury, and all the errors assigned consist in the admission of

evidence objected to. Error can not be assigned for admission of improper evidence when there is no jury:— 9 *Pet.* 182; 17 *How.* 6.

MARTIN CH. J.:

This action was tried by the Court without a jury. The declaration is in assumpsit upon the common counts, and underwritten and endorsed upon the declaration was a notice that, upon the trial of the cause, a note—a copy of which was given and referred to in the notice—would be read in evidence under the money counts. This notice was given under the provisions of sections 4161 and 4425 of the Compiled Laws, which declare substantially that the plaintiff may give in evidence under the money counts such bills of exchange and promissory notes as he shall notify the defendant that he intends to claim judgment upon, if copies be served upon the defendant, and filed with the declaration. In the present case it is not pretended but that a copy of the note was filed with the declaration, but it is claimed that none was served upon the defendant. I can not so read the sheriff's return of service. That is to the effect that he served upon the plaintiff in error (whom for perspicuity I shall hereafter denominate the defendant) a copy of the declaration *and notice*, and this necessarily implies service of the copy of the note, as it was an essential part of the notice, without which it was no notice. No other construction of the return would be reasonable, and so we must construe it, as, in the language of my brother Campbell in *Burkam v. Trowbridge*, 9 *Mich.* 209, and which I adopt and apply in the consideration of the subsequent questions arising in this case, "no Court is at liberty to strain the meaning of terms" (and certainly not words) "so as to render them senseless and nugatory, when a sensible meaning is reasonably apparent." The note offered to be read in evidence was the original, of which a copy was endorsed upon the

declaration and referred to in the notice, and was therefore properly allowed to be read as evidence of the defendant's liability.

Gardner Spring, Jr., a witness residing in the city of New York, was examined upon written interrogatories, and it is assigned as error that the Court allowed his answers to the third and fourth interrogatories to be read. The questions were clearly relevant and proper, but the answers it is insisted are not competent testimony. The counsel for the defendant does not regard them as evasive, but in substance rests his objection upon the ground that the writing can only be used to refresh the recollection of the witness, who must still testify from recollection, but who does not testify that the memorandum was made by himself; and also upon the non-production of the memorandum for inspection and cross-examination. These being his objections, are the only grounds of error I can consider; if an objection is not good without a reason given, it is not good for any but those given. I can discover no error in the ruling of the Court. Whether the answers of themselves are sufficient to authorize the judgment is one question, and one with which we have no concern; but that they are competent as far as they go, is another. These answers are responsive to the interrogatories, and in my view are in the precise usual language in which such a witness would make them. See *Burkam v. Trowbridge*, 9 *Mich.* 209. He was a Notary Public residing in the city of New York, and kept an official registry of his acts as such notary. The note in question came into his hands for demand, and, if necessary, protest. Under circumstances like those in which he appears to have been placed, it can not be reasonably expected that he could retain a distinct recollection of each and every official act of his, and of the protest of this particular note. He had no immediate interest in the subject matter, and the duty of presenting and protesting the note, and of giving notices·

of non-payment, was within the general scope of his official duties, and not a special employment upon which his attention would be in any degree fixed, or which he would be likely or probable to fix in his recollection. This common experience teaches; and the law does not require a distinct recollection of every official notarial act, for it does not require impossibilities. Reading the answers in a reasonable light, we must infer that he performed the acts which he says were noted in his register, and that he made the entry at the time of the performance. We should "strain the meaning of terms" so as to destroy a "sensible meaning" were we to hold otherwise. The law does not require that such official acts be proven from the recollection of a witness, but permits him to testify from memoranda made at or near the time, if he knows they are genuine and has no doubt of their truth: — *See* 1 *Greenl. Ev.* §§ 436, 437. This is a rule of general convenience and public necessity, and all rules, says Mr. Greenleaf, "are adopted for practical purposes in the administration of justice, and must be so applied as to promote the ends for which they were designed." Giving to the language of the witness a reasonable construction, I am satisfied that his testimony is not evasive, but the true, honest statement of his official acts, and it is to me much more satisfactory than if he had pretended to a recollection awakened by reference to this memorandum of a long forgotten transaction.

The objections of the defendant to this testimony go altogether to its sufficiency, and would be well taken, if, after a cross-examination, it should be found that the witness had no knowledge of the memorandum, nor of the transaction, or refused to produce the memorandum for his inspection, and for cross-examination in respect to it. But no rule of law requires a deponent to fortify his testimony by anticipating every possible inquiry which might be made upon cross-examination, nor to produce

before the commissioner his register of memoranda for the purpose of inspection when there is no party present to inspect, and no interrogatory propounded relating to it. If the defendant was dissatisfied with the answers given, he should have taken steps to obtain a further examination, and not permitted the cause to go to trial in the expectation of excluding competent, although perhaps insufficient or unsatisfactory, evidence. Depositions would be valueless, and only conduce to injustice under any other rule.

But independent of these considerations, as the case was tried by the Court without a jury, the errors as to the allowance of the *reading* of the testimony are not, I think, assignable. In the case of a trial by jury, the Judge may and must inspect the answer, and determine whether it may go to the jury or not, and upon his ruling error may be assigned; but when he acts in the double character of court and jury, it is equally a matter of necessity that he should inspect the answer, and the question for him to determine is, whether any or what weight shall be given to it, and whether it shall be received as evidence so as to become an element of the judgment. I can not well see how he can commit error by permitting testimony to be read to himself upon the relevancy or admissibility of which he is called to decide. If the question be competent he must receive the answer, although he may exclude it from consideration in making up the judgment. It appears to me that by requiring the Judge to find the facts, and his rulings of law, in writing, the Legislature intended to meet this very class of cases, and to preserve to a party, by allowing him to take exceptions to such findings and rulings, his remedy when illegal testimony, although necessarily exhibited to the Judge, is improperly considered by him. In the case of a trial by jury, when testimony considered to be incompetent may be absolutely withheld from them, the presumption of law is that all the evidence suffered to go to them becomes an element in their verdict,

BLISS v. PAINE.

but no such presumption arises in a trial by the Court. What evidence he considered, and what he rejected upon deliberation and examination, can not be known except from inspection of his written rulings and findings, or by his determination, manifested in some way, either to consider or reject it, *always after he has read or heard it*.

In this case the bill of exceptions does not profess to recite the whole testimony, and we can not know upon what or whose testimony he grounded his judgment, nor have we the rulings and findings of the Court; and the impropriety of allowing exceptions to the interlocutory rulings of the Judge is here made very manifest. The only way in which these questions can be safely or properly reviewed, is upon a case made, or exceptions taken after judgment rendered, as provided by the statute; for until that event we have no means of knowing whether the judgment is based upon legal or illegal testimony, and a party can always protect himself by requiring distinct rulings upon all the objections taken by him in the progress of the trial.

I think the judgment should be affirmed.

CAMPBELL J.:

The note in controversy was we think properly admitted under the pleadings, for the reasons given by the Chief Justice. But we think the Court erred in receiving that portion of the deposition of Spring which was objected to.

Inasmuch as the suit was brought to charge Bliss as indorser, it became incumbent to prove the presentment for payment and the refusal or neglect to pay, as well as notice of the dishonor.

This it was sought to do by the witness Spring, who is shown by his deposition to have executed an instrument of protest.

His testimony was taken on commission, on questions settled by consent of counsel. Cross-examining questions were waived, and manifestly would have been unnecessary

under a fair expectation that he would have answered the very precise and accurate direct interrogatories, whereby he was distinctly required to state whether the acts necessary to charge the indorser were done by him personally.

Instead of answering these pointed inquiries he contented himself with evading all of them, and stating that it appeared from entries in his register that the note was presented and dishonored, and that notice was sent by mail to certain parties. The answer was not in any proper sense a response to the questions, which clearly directed his mind to the necessity of disclosing his own personal acts and nothing else. We do not doubt but that it would have been entirely proper for him, if he could not remember without, to refresh his recollection by reference to his own entries made at the time; but he must, either with or without the aid of such entries, be enabled to swear, and must swear, that the necessary steps were taken by himself at the proper time. There is nothing in his testimony which tends to show who presented the note, who made the entries, or who gave the notice. And, inasmuch as his attention was called to this very matter, it would be contrary to all rule to infer that which he has studiously avoided to state.

If it clearly appeared from the bill of exceptions, that these omissions had been supplied by other testimony, the improper reception of the evidence in a trial before the Court without a jury might not have prejudiced the case. But we can make no such presumption in this case. Mr. Spring appears distinctly to be the Notary who protested the paper. The action relied upon must have been within his knowledge, if taken at all, and he is naturally to be looked to for the information. When the Court below decided that his deposition as to this action was admissible, we are necessarily bound to infer that it was received as sufficient proof, and acted upon.

The answer of a witness under a commission is not

admissible unless it would have been admitted had he been examined in open Court on the stand. The statute expressly provides that objections of competency may be made at the trial: — 2 *Comp. L.* §4257.

The judgment below must be reversed, with costs, and a new trial granted.

MANNING and CHRISTIANCY JJ. concurred with Campbell J.

*Judgment reversed.*