WEBB COAL COMPANY *v.* BAY CITY SCHOOL DISTRICT.

1. DEPOSITIONS—EXHIBITS—COMPETENCY—STATUTES—COURT RULES.
   The objection, at the trial, to deposition relative to an exhibit on the ground that the exhibit was a copy or transcript of original memoranda and that it was inadmissible as not being the best evidence is not invalidated by provisions of statute and court rule relative to making objections to depositions, since such provisions do not cover the question of objections to competency of testimony (CL 1948, § 617.9; Court Rule No 31 [1945]).

2. EVIDENCE—OBJECTION TO COMPETENCY—TIME.
   Objection to the competency of evidence, presented by way of deposition, may be made for the first time at the trial.

REFERENCES FOR POINTS IN HEADNOTES
[1] See, generally, 16 Am Jur, Depositions § 93 *et seq.*
[2] 16 Am Jur, Depositions § 138.
[3] 20 Am Jur, Evidence § 417.
[4] 16 Am Jur, Depositions § 140.

3. SAME—BEST EVIDENCE—REPORTS OF LABORATORY TEST—TRAN-SCRIPT OF RECORDS.

   Exhibits which were reports of tests made at a laboratory and as to which chief chemist testified by deposition they were a true transcript of his records and which were objected to as not the best evidence, were properly held inadmissible (CL 1948, § 617.53).

4. DEPOSITIONS—OBJECTION TO DEPOSITION AS A WHOLE—COMPE-TENCY OF EVIDENCE.

   A party's failure to object to a deposition as a whole in the manner provided by statute and court rule does not constitute a waiver of the right to make objections to the competency of the offered testimony at the time of reading the deposition at the trial (CL 1948, § 617.9; Court Rule No 31 [1945]).

5. CONTRACTS—COAL—COMPLIANCE WITH SPECIFICATIONS.

   Action by plaintiff coal company against school district for balance due under contract for coal containing a prescribed number of B. T. U.'s is affirmed, where defendant failed to show by competent evidence that coal delivered was not according to contract specifications.

Appeal from Bay; Louis (David R.), J. Submitted January 5, 1955. (Docket No. 21, Calendar No. 46,322.) Decided March 9, 1955.

Action by Webb Coal Company, a corporation, against School District of the City of Bay City, a municipal corporation, for balance due on account. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Charles C. Legatz,* for plaintiff.

*Smith & Brooker,* for defendant.

REID, J. Defendant school district of the city of Bay City appeals from judgment obtained by plaintiff for balance due on account of coal delivered by the plaintiff to the defendant school district. The coal had been delivered in pursuance of a written

contract, a copy of which was annexed to the plaintiff's declaration. Plaintiff claimed in the declaration that the total amount delivered to the defendant was 3,391.555 tons of coal, of which 50.814 tons were to be paid for at the agreed on increased rate of $11.50 per ton. The balance of the coal was to be paid for at the agreed price of $9.35 per ton. The contract contained a stipulation, "B. T. U.'s dry basis ........ 14,180," and agreement "that the stipulated standard of B. T. U.'s is a material factor in the agreement." It further contained the following, paragraph 9:

"First party guarantees the analysis of the coal to be furnished under this contract, and consents that such coal be analyzed by the science department of Central high school *weekly* from samples taken from coal delivered daily. First party agrees to rebate to second party for moisture in excess of that specified in the contract, and as disclosed by the analysis above referred to." (Italics supplied.)

Defendant claims that the chemical tests disclosed that the coal did not contain the required number of B. T. U.'s per pound dry basis as stipulated in the contract, and that under the provisions of the contract, $1,687.86 should be deducted from the purchase price of the coal claimed by plaintiff.

It appears that 7 tests were reported to the school district by the Commercial Testing & Engineering Company at Chicago, Illinois. The tests were made at the request of defendant but were not made by the science department of Central high school weekly from samples of coal delivered daily, and 46 separate deliveries were made from August 2d to October 12th.

The controlling issue in the case is the sufficiency of proof by the defendant to entitle defendant's exhibits Nos 1 to 7, inclusive (reports of the 7 tests

made by the Commercial Testing & Engineering Company), to be admitted in evidence to show the deficiency in B. T. U.'s of the 7 samples tested.

Defendant claims the 7 exhibits were competent as proof of the analyses referred to, under CL 1948, § 617.53 (Stat Ann § 27.902), which in part is as follows:

"Any writing or record whether in the form of an entry in a book or otherwise, made as a memorandum of any act, transaction, occurrence or event shall be admissible in evidence in all trials, hearings and proceedings in any cause or suit in any court, or before any officer, arbitrators, or referees, in proof of said act, transaction, occurrence or event if it was made in the regular course of any business and it was the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence or event or within a reasonable time thereafter."

The exhibits are attached to deposition of Sidney Kaplan, chief chemist of the Chicago laboratory of Commercial Testing & Engineering Company. In his deposition, Mr. Kaplan testified that exhibit No 1 (one of the 7 reports of testing) "is a typewritten report of work done in the laboratory that I am supervising, which is sent out to our clients, and this is one report of that type." Further in his deposition, referring to the 7 exhibits being the 7 reports to plaintiff as to tests, the witness testified:

"*A*. These tests were apparently made while I was away from the laboratory and my assistant substituted for me.

"*Q*. The records of this test are a part of the records of your office?

"*A*. They are.

"*Q*. And is that report made up from those records in your office?

"*A*. It is.

"*Q*. Would you know of your own knowledge whether that report is a true transcript of your records?

"*A*. It is a true transcript of my records. The values are identical."

The following appears in the deposition of Robert Wilmer Langtry, vice-president of the Commercial Testing & Engineering Company:

"*Q*. And those reports [referring to the 7 exhibits in question] were all sent out by the Commercial Testing & Engineering Company to the board of education of the school district of the city of Bay City?

"*A*. They were all sent out by our company to our client, the board of education of the city of Bay City, Michigan.

"*Q*. And those are the original reports that were sent to them?

"*A*. All 7 of the exhibits are the original reports that were sent to them."

The trial judge correctly concluded that:

"The records in question were merely the reports which had been given into the possession of the defendant and were not the original records of the testing laboratory."

The court further ruled:

"It is the opinion of the court that defendant's exhibits 1 to 7, inclusive, were properly excluded from evidence under the best evidence rule, and that plaintiff had not waived its right to object to their admissibility by failing to make its objections before trial."

Defendant claimed that plaintiff waived its right to object to the exhibits Nos 1 to 7, inclusive, by not making objection prior to the trial.

Our Court Rule No 31 (1945), provides in part:

"Sec. 1. When a deposition has been taken by either party, it may at any time be read by the other party on the trial.

"Objections to notice of, and objections to the manner of taking, certifying or returning depositions shall be noticed for hearing before the court, by motion to suppress or otherwise by the party making the same, within 5 days after such objections are made, and if not so noticed for hearing the same shall be considered waived."

Our statute, CL 1948, § 617.9 (Stat Ann § 27.857), provides, in part, as follows:

"Objections to notices of, or objections to the manner of taking the testimony, or of certifying or returning the deposition, shall be regarded as waived unless made in writing within 10 days after knowledge or notice of the return thereof."

The objection of the plaintiff to exhibits Nos 1 to 7, inclusive, on the ground that they were copies or transcript of original memoranda, and were inadmissible as not being the best evidence, is not invalidated by the court rule nor the provisions of the cited statute. Neither the court rule nor the statute covers the question of objections to competency of testimony.

In *Angell* v. *Rosenbury,* 12 Mich 241, 242 (syllabus) we say, as to answers to interrogatories under a commission, "The party may make objection to the competency of the evidence for the first time at the trial." The trial court was correct in determining that the exhibits Nos 1 to 7, inclusive, were not the best evidence and, hence, inadmissible and in further determining that the plaintiff had not by

failure, hereinbefore noted, to object to the deposition as a whole, waived the right to make objections to the competency of the offered testimony at the time of reading the deposition at the trial. Without the exhibits Nos 1 to 7, defendant made out no defense.

The case was properly submitted to the jury; the jury returned a verdict in favor of plaintiff for $1,-687.86. Judgment for that amount on the verdict was rendered February 18, 1954. The judgment appealed from is affirmed. Plaintiff may tax its costs.

CARR, C. J., and BUTZEL, SHARPE, BOYLES, DETHMERS, and KELLY, JJ., concurred.

SMITH, J., took no part in the decision of this case.