BANASZKIEWICZ *v.* BAUN.

1. COURTS—DECISIONS OF OTHER STATES—DIFFERENT STATUTES AND COURT RULES.

The reasoning of a decision of the supreme court of another State based on statutes prohibiting the opposite party from testifying at all in a cause brought against the estate of a deceased person and which held that a deposition of the opposite party did not waive the statutory inhibition, where another statute of the State limited the taking of depositions to witnesses would not apply to case involving the dead man's statute of this State and a court rule permitting the taking of a deposition "of any person" (Ohio General Code, §§ 11495, 11525; Mich CL 1948, § 617.65; Court Rule No 35, § 6, subd [a] [1945]).

2. WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED.

The so-called dead man's statute, barring the taking of testimony of an opposite party as to matters equally within the knowledge of a deceased person, was originally enacted to afford protection to estates of decedents and to prevent fraud and false swearing (CL 1948, § 617.65).

3. PLEADING—PURPOSE.

The purpose of pleading is to give the parties adequate notice of the issues they are to meet (Court Rule No 23, § 3 [1945]).

REFERENCES FOR POINTS IN HEADNOTES
[1] 14 Am Jur, Courts § 86.
[2] 58 Am Jur, Witnesses § 215.
[3] 41 Am Jur, Pleading § 3.
[4] 53 Am Jur, Trial § 11.
[5, 6] 17 Am Jur, Discovery and Inspection §§ 5, 6.
[7] 17 Am Jur, Discovery and Inspection §§ 12, 15, 16.
[8] 16 Am Jur, Depositions § 114.
[9] 16 Am Jur, Depositions § 114; 17 Am Jur Discovery and Inspection § 57.

4. SAME—PRETRIAL HEARING—AMENDMENT.

The pretrial conference is intended to narrow and simplify the issues involved, to consider the necessity of amendments to the pleadings, and, generally, to assure that the issues raised may be expeditiously tried (Court Rule No 35, § 5 [1945]).

5. DISCOVERY—COURT RULES.

The purpose of the court rules relative to discovery is to provide accurate information in advance of trial as to the actual facts and circumstances of a controversy rather than aid in their concealment (Court Rules Nos 40, 41 [1945]).

6. SAME—PURPOSE OF COURT RULES.

Discovery rules which may enable a party to discover an opponent's claim have the public purpose of reducing time of trial by narrowing issues, obtaining admissions of fact, fixing claims of parties when incidents are fresh in their minds, and of fostering accuracy and celerity of trial, as well as of inducing settlements made easy by knowledge of respective claims (Court Rules Nos 40, 41 [1945]).

7. SAME—COURT RULES—DEPOSITION—COMPETENCY OF EVIDENCE— WITNESSES.

Limitation in court rule providing for pretrial depositions and discovery, which permits examination of deponent only "regarding any matter not privileged or admissible under the rules of evidence governing trials, which is relevant to the subject matter involved in the pending action," relates to the competency and relevance of the evidence and not to the identity, qualifications, or competence of a witness (Court Rule No 35, § 6 [1945]).

8. EVIDENCE—DEPOSITIONS—OBJECTIONS—COMPETENCY.

.Court rule provision that when a deposition has been taken by either party it may be read by the other party on the trial does not invalidate objections to the competency of evidence therein contained and which may be raised for the first time on trial (Court Rules No 31, § 1, No 35, § 6 [1945]).

9. DISCOVERY—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED —ORAL CONTRACT TO LEAVE PROPERTY TO PLAINTIFF—DEPOSITIONS.

There is no conflict of purpose ·between the so-called dead-man's statute barring testimony of an opposite party as to matters equally within the knowledge of a deceased person, and the court rules relative to discovery permitting depositions "of any person" as both are intended to aid in arrival at truth and justice in litigation, hence, there is no unfairness in permitting defendants and their counsel to know what plaintiff's claims

are and the foundation therefor and, at the same time, not waive their right to bar plaintiff's testimony at the trial on matters equally within knowledge of deceased as to alleged oral agreement to leave property to plaintiff (CL 1948, § 617.65; Court Rules No 35, § 6a, Nos 40, 41 [1945]).

KELLY, BLACK, and KAVANAGH, JJ., dissenting.

Appeal from Wayne; Toms (Robert M.), J. Submitted October 9, 1959. (Docket No. 47, Calendar No. 48,076.) Decided February 26, 1960.

Bill by Irene Banaszkiewicz against Leonard A. Baun, administrator of the estate of Casmir Lipski, deceased, and the State Board of Escheats for specific performance of deceased's alleged oral agreement to leave property to her. Order entered permitting discovery deposition of plaintiff to be taken inquiring, without waiver of later objection, into matters equally within knowledge of deceased. Plaintiff appeals. Affirmed.

*Mark Howard* and *George Stone,* for plaintiff.

*Paul L. Adams,* Attorney General, *Samuel J. Torina,* Solicitor General, *Irving B. Feldman,* Assistant Attorney General, and *Harry Okrent,* for defendants.

DETHMERS, C. J. This appeal is from a circuit court order permitting defendant, administrator of decedent's estate, to take the discovery deposition of plaintiff, an opposite party, without waiving plaintiff's disqualification under the so-called dead man's statute (CL 1948, § 617.65 [Stat Ann § 27.914]) to testify, at the trial, concerning the same subject matter.

Suit is for specific performance of an alleged oral agreement under which decedent was to leave all his property, upon his death, to plaintiff.

Plaintiff says the order is grossly unfair because it permits defendant to obtain all of the information relating to the transaction from plaintiff, use it against her, and yet prevent her, at the trial, from testifying on those matters in her own behalf. Plaintiff cites in support of this *In re Renee*, 159 Ohio St 37 (110 NE2d 795, 42 ALR2d 572). In that case the court held that, in an action brought by an executor, the defendant cannot be required to give testimony by way of deposition as to matters concerning which such defendant is prohibited from testifying on trial by reason of the provisions of the Ohio dead man's statute (Ohio General Code, § 11495).[1] The decision was by a closely divided court. The Ohio statute, as distinguished from Michigan's, prohibits the opposite party from testifying at all in the cause. The court referred to its earlier decision in *Prince, Executrix,* v. *Abersold,* 123 Ohio St 464 (175 NE 862), in which it was held that the taking of a deposition of the opposite party, which is not offered in evidence at the trial, does not waive the statutory inhibition against the testimony of the party whose deposition is so taken. On the basis of such statute and earlier holding, the majority of the court held that one who is thus disqualified to be a witness is not, under the language of the statute governing taking of depositions (Ohio General Code, § 11525),[2] one whose deposition can be taken. The court said:

"The necessary conclusion is that the capacity to be a witness and to testify must exist before the person's deposition can be taken."

This was because the statute in question provided for the taking of "the deposition of a witness." That reasoning is inapplicable to Michigan Court Rule

---

[1] Page's Ohio Code Anno, § 2317.03.—Reporter.
[2] Page's Ohio Code Anno, § 2319.05.—Reporter.

No 35, § 6(a) (1945),[3] providing for taking the testimony, by deposition or otherwise, "of any person."

It is of interest to note, with respect to the holding in *Prince, Executrix,* v. *Abersold, supra,* to the effect that taking the deposition does not constitute a waiver at trial, that there is division of authority on this question. See annotations, 64 ALR 1148, 1165, 107 ALR 482, 491, and 159 ALR 411, 422. Our question here, however, is not whether a waiver at trial was worked by the earlier taking of a discovery deposition, but rather, whether the opposite party may be required to submit to such discovery without a waiver by the party seeking it of the disqualification under the dead man's statute.

The purpose of the latter statute is stated in *Farmers & Merchants Bank & Trust Co.* v. *Globe Indemnity Co.,* 264 Mich 395, 400, 401, as follows:

"The statute relied upon as originally enacted was designed to afford protection to estates against the knavery and perjury of dishonest claimants (*Kimball* v. *Kimball,* 16 Mich 211); fraud and injustice (*Penny* v. *Croul,* 87 Mich 15 [13 LRA 83]); protect the estate of deceased persons against claims which depended in whole or in part upon testimony of a party which could not be refuted by the testimony of deceased (*McHugh* v. *Dowd's Estate,* 86 Mich 412); prevent a living party from obtaining an unequal advantage from his own testimony as to matters known only to himself and the deceased, and of which the deceased party could no longer speak (*Wright* v. *Wilson,* 17 Mich 192; *Chambers* v. *Hill,* 34 Mich 523); prevent fraud and false swearing whereby estates became unjustly depleted in cases where no one on the part of the estate except the deceased had knowledge of the facts necessary to refute the unjust claim attempted to be enforced against it."

___

[3] See 334 Mich xl and 352 Mich xvii.—REPORTER.

In *Applebaum* v. *Wechsler,* 350 Mich 636, 650, this Court said:

"The purpose of modern pleading is to give the parties adequate notice of the issues they are to meet.[4] The pretrial conference is intended to narrow and simplify such issues, to consider the necessity of amendments to the pleadings, and, generally speaking, to assure that the issues raised may be expeditiously tried.[5] Its purpose is to achieve rapid and efficient administration of justice by eliminating traps and surprises."

As observed in Honigman's Michigan Court Rules Annotated, 1959 Pocket Part, p 77, the rule for discovery represents an important extension of the concepts of pretrial practice and gives that procedure considerable impetus. Of its purpose, we said in *Ewer* v. *Dietrich,* 346 Mich 535, 541, 542:

"In *Hallett* v. *Michigan Consolidated Gas Co.,* 298 Mich 582, 592, we stated the underlying principle of the discovery process in somewhat similar terms:

" 'Comparatively recent procedure for compelling discovery of the facts and circumstances of a controversy in advance of joining issue or in advance of trial is well established.  *  *  *  The recent trend and purpose of statutes and court rules is to provide accurate information in advance of trial as to the actual facts and circumstances of a controversy. We have already said such rules must be liberally construed. They should promote the discovery of the true facts and circumstances of a controversy, rather than aid in their concealment.'[6]  *  *  *

"As we said in *Vincent* v. *Van Blooys,* 263 Mich 312, 314:

" 'Aside from its advantage to a party in discovering the opponent's claim, the rule has a public pur-

---

4 See Court Rule No 23, § 3 (1945).—REPORTER.
5 See Court Rule No 35, § 5 (1945).—REPORTER.
6 See Court Rules Nos 40, 41 (1945).—REPORTER.

pose which should be served in its interpretation, arising from reducing the time of the trial by narrowing the issues, obtaining admissions of fact, fixing the claims of the parties when the incidents are fresh in their minds, and otherwise fostering accuracy and celerity of trial, and also from inducing settlements, which are made more easy when the respective claims are known.' "

It is apparent that there is no conflict between the purposes, as above considered, of the dead man's statute and the rule for discovery. Both are intended to aid in arrival at truth and justice in litigation. Invoking the one need not be treated as a waiver of the other. Enabling both parties to become fully conversant with all the facts involved in a matter and to avoid "traps and surprises" makes for enlightened administration of justice. Its achievement need not be paid for by sacrifice of the object or purpose of the dead man's statute. There is no unfairness in permitting defendants and their counsel to know what plaintiff's claims are and the foundation on which she bases them and, yet, at the same time, closing her mouth at trial as to matters equally within the knowledge of the deceased whose mouth has been closed by death.

Court Rule No 35, § 6, in providing for pretrial depositions and discovery, permits examination of the deponent only *"regarding any matter,* not privileged and admissible under the rules of evidence governing trials, which is relevant to the subject matter involved in the pending action." It is suggested that this limitation of the examination to matters admissible under the rules of evidence governing trials, denies to the protected party the right to examine the opposite party on discovery as to matters equally within the knowledge of the deceased concerning which the latter is prohibited by statute from testifying at trial. It will be noted, however, that,

at least so far as matters not privileged are concerned, the limitation pertains not to the identity, qualifications, or competence of a witness but to the competency of the evidence and its relevance to the subject matter of the litigation. This limitation was intended to prevent fishing expeditions into areas unrelated to the cause of action, not to impede a party in discovering from any person, whether competent as a witness or not, all facts and information, not privileged, which are relevant to that cause of action. Indeed, it is the gaining of such information, from whatever source, that the rule was designed to facilitate.

Although Michigan Court Rule No 31, § 1 (1945), provides that when a deposition has been taken by either party it may be read by the other party on the trial, this Court held in *Webb Coal Co.* v. *Bay City School District,* 342 Mich 116, that that provision does not invalidate objections to the competency of evidence therein contained and that they may be raised for the first time on trial. See, also, in this connection, *Angell* v. *Rosenbury,* 12 Mich 241, and *Bliss* v. *Paine,* 11 Mich 92, as to answers to interrogatories under a commission. We see no sound reason for holding otherwise concerning objections to the competency of a witness to give certain testimony under the mentioned statute. Court Rule No 35, § 6(d), provides that at the trial any part of a deposition may be used against any party present or represented at its taking *"so far as admissible under the rules of evidence,"* but section 6(e) thereof further provides that objection may be made at trial to receiving any deposition or part thereof *"for any reason which would require the exclusion of the evidence if the witnesses were then present and testifying."* This includes the excludable evidence from an opposite party. Clearly, under these provisions of the rules, the party protected under the statute has lost no part

of such protection at trial by the earlier taking of depositions on the matters equally within the knowledge of the deceased.

In *Fox* v. *Barrett's Estate,* 117 Mich 162, the party protected under the statute sought to prove a part of a transaction by the opposite party's own testimony at trial, and then to close his mouth as to the remainder. This Court declined to permit this. In *In re Potter Estate,* 351 Mich 326 (66 ALR2d 710), this Court refused to extend the protection of the statute to one not included within the class of litigants covered by its terms. The instant case does not involve such extension nor permission to the protected party to use part of the opposite party's excludable testimony on trial and to keep out the rest. Neither does the action of the trial court here constitute an expansion of the scope of the statute at a trial beyond what has heretofore obtained under the previous decisions of this Court. It merely gives needed effectiveness to pretrial and discovery proceedings to attain their intended purpose.

The sequel to our reasoning and holding that an opposite party may be required to submit to discovery without the protected party's waiver of the disqualification under the statute, is that the right of a protected party to discovery and the trial court's discretion in permitting it are in no wise to be affected by nor made dependent upon either the invoking or waiver of the protection of the statute. Court Rule No 35 contains no authorization for a court to compel parties, on pretrial or granting of discovery, to claim or waive the protection of the statute as is provided in section 6(b) thereof with respect to the physician-patient and hospital-patient privilege. Accordingly, there is no occasion to anticipate that the grant of discovery will produce a variance, in

the several circuits, in its effects upon or the consequences of the dead man's statute.

Affirmed, with costs to defendants.

CARR, SMITH, and EDWARDS, JJ., concurred with DETHMERS, C. J.

BLACK, J. (*dissenting*). In this case the Court affirms an order which collides directly with Court Rule No 31, § 1, and Court Rule No 35, § 6, subd (d) (1945).[1] What is more, today's decision renders a time-tried rule of evidence one of discretionary application rather than one of rightful use.

*First:* The Court makes of a statutory rule, the design of which is a shield for "protected parties," a sword each such party may employ whenever the pretrial judge assumes to forge the claymore for him.[2] Thus, in any circuit where the pretrial judge chooses not to arm the protected party as was done here, the latter's act of taking—before trial or at trial—the opposite party's otherwise objectionable testimony will, as before, open the evidentiary door. Elsewhere, judicial discretion at pretrial being inclined the other way, the same act will open the door when and only when the deposition taker, weighing advan-

---

[1] (Rule No 31, § 1.)

"When a deposition has been taken by either party, it may at any time be read by the other party on the trial."

(Rule No 35, § 6, subd [d].)

"(d) *At the trial* or upon the hearing of a motion or an interlocutory proceeding, *any part or all of a deposition, so far as admissible under the rules of evidence, may be used* against any party who was present or represented at the taking of the deposition or who had due notice thereof, *in accordance with any one of the following provisions:*

"(1) Any deposition may be used by any party for the purpose of contradicting or impeaching the testimony of deponent as a witness.

"(2) *The deposition of a party* or of anyone who at the time of taking the deposition was an officer, director, or managing agent of a public or private corporation, partnership or association which is a party *may be used by an adverse party for any purpose*."

[2] This sword-from-a-shield expression comes from *Fox* v. *Barrett's Estate,* 117 Mich 162, 164, 165, wherein the Court declared in detail the purpose of our rule that the protected party may employ the shield of the statute yet may not make of it "a sword in his hands."

tage against disadvantage before or during trial, chooses to unlock it. This, to me, is the injustice of unequal justice. Under law? Why of course. Look at the majority opinion handed down this day.

Today's ruling opinion emasculates in part, for no justifiable reason, that which properly has attended the dead man's statute for at least 60 years. And, so far as "traps and surprises" are concerned, it provides quite a supply of such tactical weapons for the protected party. His adversary will never know (until it happens if it happens during trial) whether he—the deposition taker—will elect to use or withhold the deposition so taken. The over-protected party may read or prevent its reading in evidence, but the other may do neither. This is quite a whip hand for one and a handicap for the other, as veteran trial lawyers will at once recognize. The reason is that one party is given exclusive control over possibly decisive evidence and the right to offer or withhold it as strategy may dictate. Incredibly, too, he is given the elective right to object, at the trial, to his own depositional questions and the testimony elicited thereby. Thus the deposition he has taken is not a deposition according to historic and present day understanding of the noun, that is, a means of replacing the *viva voce* testimony of a witness. It has become a sort of pretrial approved means of taking a statement from witness or party, the admissibility of which is to be up to the taker and not the presiding judicial officer.

*Second:* Turning now to our quoted rules of court. From as far back as old Court Rule No 41[3] a deposition, once it is validly taken and filed, has constituted evidence either party may read into the trial record. Referring to what is now Court Rule No 31, § 1

---

[3] See Court Rules (1896). See, also, Cummins and Beecher, Michigan Rule Book, Circuit Court Rule (1916), No 37.—REPORTER.

(1945), this Court said (*Chicago College of Osteopathy* v. *Littlejohn,* 234 Mich 528, 538) :

"This rule was referred to with approval in *McDonald* v. *Smith,* 139 Mich 211, 220. It was doubtless adopted in view of the holding by Shaw, C. J., in *Dana* v. *Underwood,* 19 Pick (36 Mass) 99, 104, that a deposition taken by a party who failed to offer it might not be read by the opposite party except by consent.

"The plaintiff was under no obligation to offer the deposition as a part of its case. It could not withdraw it from the files. Unless suppressed by the court, the defendants were at liberty to use it."

From here on, however, section 1 of Court Rule No 31 (likewise quoted section 6 of Court Rule No 35[4]) no longer means what it says. The unconditional right to offer a properly taken deposition in evidence, attested as it is by such rules, is to be taken away when and if the pretrial judge happens to be of such will. What, perforce, is to prevent expansion of this case-made practice beyond the evidentiary realm of the dead man's statute? May not the pretrial judge authorize the depositional taking of hearsay testimony, incompetent testimony, privileged testimony, and all such like in all manner of cases, much as is now permitted in some of the Federal circuits under the Federal rules of practice? Have we not arrived, by today's decision, at open repudiation of that which was twice avowed to the profession when the 1952 and 1958 amendments of Court Rule No 35 were successively drafted for and considered by this Court, namely, that said section 6 was designed to provide a much narrower scope of deposition practice than corresponding Federal practice and that it restricted examination of the deponent to such matters as are "admissible under the rules of evidence

---

4 See 334 Mich xl and 352 Mich xvii.—REPORTER.

governing trials" (quotation from section 6[b] of Court Rule No 35)? Examine, in such connection, Mr. Honigman's comment upon the "basic differences" between Michigan pretrial practice and Federal pretrial practice, particularly this:

"Secondly, under the Federal rules, testimony in a discovery proceeding need merely be relevant to the subject matter, *whereas under the Michigan rule, the evidence must be of a nature which would be admissible at the trial.*" (Honigman, Michigan Court Rules Annotated, 1959 pocket supplement, page 78.)

Finally, and with regard to said Court Rule No 31, this conclusion of the author appears on page 79 of the same pocket supplement:

"No specific reference is made in this rule to Court Rule No 31, or to the statutes covering the taking of depositions, CL 1948, §§ 617.6–617.13 (Stat Ann §§ 27.854–27.861). It would seem, therefore, that neither Court Rule No 31, nor the deposition statutes are automatically overridden by the provisions of the new rule."

Our majority having made up its collective mind, there is no meaningful occasion for elaboration of these convictions beyond noting that the starry-eyed theories of pretrial practice have grown to quite monstrous proportions in some quarters, so much so that the trial lawyer of the 1970's may well expect— if such growth continues—outright limitation of his professional function to a meeting with the pretrial judge for the purpose of receiving binding instructions respecting the work he is to do upon the case, and the way he is to do it, between such meeting and final judgment. And I must add, for this case of Banaszkiewicz, that if alteration of any of our rules of evidence has become judicially desirable, such alteration should be accomplished by adoption of uniformly effective and precedently published new court

rules. The profession has a right to expect no less. I would reverse.

KELLY and KAVANAGH, JJ., concurred with BLACK, J.

SOURIS, J., took no part in the decision of this case.