## Campbell v. Bennett

*High, Shwartz, Childs & Roberts,* for plaintiffs.

*Duffy, McTighe & McElhone,* for defendant.

GROSHENS, J., June 20, 1961.—This matter is before the court on a request for subpoena duces tecum made by defendant, Mary H. Bennett, individually and as administratrix of the estate of her late husband, Dr. George A. Bennett, requesting that J. B. Campbell, individually, and the Campbell Water Wheel Company produce all records or other writings pertaining to any dealings between plaintiff and Dr. George A. Bennett or Mary H. Bennett relating to premises 531 Broadacres Road, Penn Valley. Defendant further requests that the issuance of the subpoena and the taking of depositions thereunder shall not result in any waiver of defendant's right to object at trial to the competency of J. B. Campbell or any agent of his.

Plaintiff, J. B. Campbell, an individual, trading as Campbell Water Wheel Company, brought this action in assumpsit alleging a right to recover $28,837.11 for sums due and owing to him on account for work performed in the construction of a swimming pool and bath house on the premises of Dr. George A. Bennett. Twelve thousand dollars have admittedly been paid on the construction. Mary H. Bennett has on three occasions filed preliminary objections to the complaint seeking more definite knowledge as to the nature of plaintiff's further claim. The objections have been sustained twice and two amended complaints have been filed. A third amended complaint has been filed, and defendant seeks this discovery to prepare her answer and defense.

The question before the court is whether defendant may take depositions, for discovery purposes, of plaintiff who may be incompetent to testify at trial because of the Deadman's Act of May 23, 1887, P. L. 158, sec. 5, cl. (e), 28 PS §322, and the Act of June 11, 1891,

P. L. 287, sec. 1, 28 PS §325, without waiving the right to object to the competency of plaintiff at trial.

Rule 4007(2) permits discovery regarding any matter not privileged, subject to rule 4011, which is relevant to the subject matter involved in the action and will "substantially aid" in the preparation of the pleadings or the preparation of the trial of the case. We entertain no doubt that plaintiff's records and testimony will substantially aid defendant in this manner. The fact that the testimony produced may be inadmissible will not prevent discovery. The question of admissibility is irrelevant: Goodrich-Amram §4007(2). The 1954 amendments to the Pennsylvania Rules of Civil Procedure broadened the scope of discovery to aid the inquirer in his preparation, and the test of admissibility was eliminated. Defendant clearly may require plaintiff to produce his records and to submit to oral examination.

This brings us to the nub of the problem. Does defendant waive her objection to plaintiff's testifying by proceeding with this discovery? The answer is no. We fail to see any reason why waiver should result except for the reason plaintiff has so clearly urged, dissatisfaction with the deadman's rule itself. The bench and bar have expressed widespread dissatisfaction with the rule, and the remedy is to eliminate the rule, not to make bad law in order to avoid the application of the rule. The purpose of discovery, the liberal interpretation of the rules, militate against the conclusion of waiver. The purpose of discovery and the use of the depositions are fundamentally different from depositions taken under Pa. R. C. P. 4003 which are contemplated for use at trial. Here, defendant does not take the testimony of plaintiff for purposes of use at trial, and there is no waiver in such circumstances.

The only decision in Pennsylvania on this issue to which the court has been directed is Covert v. Cingola-

ni, 1 Butler L. J. 65 (1956). Our own independent research has revealed no other case in this State. In that case, President Judge Shumaker permitted discovery, without waiver, under facts which place the case precisely on point with the present case. There, the court decided that under the rules relating to discovery this was the proper conclusion. We agree. A similar authority is Banaskiewicz v. Baun, 359 Mich. 109, 101 N. W. 2d 306 (1960), in which the court specifically ruled that defendant-administrator could take the depositions of plaintiff without waiving plaintiff's disqualification under the dead man's statute. At page 115, the court observed:

"It is apparent that there is no conflict between the purposes, as above considered, of the dead man's statute and the rule for discovery. Both are intended to aid in arrival at truth and justice in litigation. Invoking the one need not be treated as a waiver of the other. Enabling both parties to become fully conversant with all the facts involved in a matter and to avoid 'traps and surprises' makes for enlightened administration of justice. Its achievement need not be paid for by sacrifice of the object or purpose of the dead man's statute. There is no unfairness in permitting defendants and their counsel to know what plaintiff's claims are and the foundation on which she bases them and, yet, at the same time, closing her mouth at trial as to matters equally within the knowledge of the deceased whose mouth has been closed by death."

This is a sound answer to a difficult question, and we believe it represents the better reasoned view.

We might also note, for the purposes of future clarity, that there is nothing in the rules to compel parties, on granting of discovery, to claim the protection of the statute as to competency or else they waive it. It is our determination that no waiver results and, therefore,

720

the right to discovery without waiver need not be requested.

*Order*

And now, June 20, 1961, the prothonotary is directed to issue a subpoena duces tecum requiring J. B. Campbell and the Campbell Water Wheel Company to produce all of its records, data, memoranda and other writings in connection with any dealings had by them with Mary H. Bennett or George A. Bennett with regard to premises 531 Broadacres Road, Penn Valley, Montgomery County, before a notary public at the offices of Duffy, McTighe & McElhone, 11 East Airy Street, Norristown, within 30 days of the date of this order at a time to be agreed upon by the parties.