Jean E. **WHITMAN** and Gerald M. Whitman, Plaintiffs Below, Appellants,

v.

Mary Elizabeth **HASSLER**, Executrix of the Last Will and Testament of Frank S. Hassler, deceased, and the Wilmington Medical Center, Incorporated, a corporation of the State of Delaware, Defendants Below, Appellees.

Supreme Court of Delaware.

Oct. 14, 1970.

Reargument Denied Nov. 12, 1970.

Henry N. Herndon, Jr., of Morris, James, Hitchens & Williams, Wilmington, and James E. Beasley and William C. Hewson of Beasley, Albert, Hewson & Casey, Philadelphia, Pa., for plaintiffs below, appellants.

Rodney M. Layton and Richard G. Elliott, Jr., of Richards, Layton & Finger, Wilmington, for Mary Elizabeth Hassler, Executrix, defendant below, appellee.

Howard M. Handelman, of Bayard, Brill & Handelman, Wilmington, for Wilmington Medical Center, Inc., defendant below, appellee.

WOLCOTT, C. J., CAREY, J., and MARVEL, Vice Chancellor, sitting.

MARVEL, Vice Chancellor.

The complaint in this case, which was filed on August 9, 1968, alleges that on or about August 28, 1966 the plaintiff Jean E. Whitman was admitted to the Memorial Division of the Wilmington Medical Center as a patient of the late Frank S. Hassler, M.D., for the purpose of undergoing surgical treatment by the latter, such surgery having been performed on August 29. The complaint goes on to allege that the surgical treatment in question, which, it is claimed, was unnecessary, combined with the improper nature of the patient's after-care, resulted in the specified injuries of which plaintiffs complain. Both the Hospital and Dr. Hassler were named as defendants.

The plaintiff Jean E. Whitman goes on to charge specifically that as a result of defendants' alleged negligence and recklessness, consisting of failure to conform to standards of reasonable medical and hospital care in connection with both major surgery and post-surgical care, she suffered from wound infection, peritonitis, shock, fever, a colostomy, with its concomitant consequences, as well as a number of other post-operative complications of her gastro-urinary tract which have left her with continuing and probably permanent physical and psychological injuries.

The plaintiff Gerald M. Whitman, husband of Jean E. Whitman, joins in the complaint. He seeks damages for loss of his wife's services, companionship and consortion resulting from defendants' alleged negligence and recklessness in the carrying out of the aforesaid surgical treatment and after-care of his wife.

On August 22, 1969, after pre-trial activities had been carried on, the defendant Frank S. Hassler died, his wife Mary Elizabeth Hassler, executrix of her husband's estate, being substituted in lieu of her deceased husband. At this juncture counsel for the decedent's estate withdrew certain interrogatories having to do with transactions between the decedent and Mrs. Whitman, seeking to avoid a possible waiver of rights under the Dead Man's Statute. However, despite such withdrawal, Mrs. Whitman answered two of such interrogatories which the trial court has ordered stricken.

The specific charge against Dr. Hassler's estate, as noted above, is that the decedent, first of all, performed unnecessary and unindicated surgery, and secondly, though warned by Hospital personnel of a post-operative crisis of the patient during the night of August 30, 1966 and the early hours of the morning of August 31, 1966, failed properly to attend Mrs. Whitman, whose symptoms of shock, fever, and abdominal pain experienced during such critical period were not diagnosed, ineffectual symptomatic treatment alone being prescribed during the period of her post-operative illness until the early afternoon of August 31 when medical personnel not connected with this action diagnosed the cause of Mrs. Whitman's symptoms to be a streptococcus infection of her surgical wound which was then treated with appropriate medication.

At a conference held prior to a scheduled trial, the trial judge concluded that the terms of 10 Del.C. § 4302 precluded the introduction not only of testimony concerning conversations and/or transactions between plaintiffs and the decedent, including Mrs. Whitman's answers to certain of Dr. Hassler's withdrawn interrogatories, but as well all evidence concerning the material matters in issue proposed to be introduced

through those directly concerned with Mrs. Whitman's care during the night of August 30 and the early morning of August 31. In other words, the trial court, having decided to bar at trial not only the testimony of the parties to the suit against the decedent's estate but also that of those deemed to be agents of plaintiffs or of either of the defendants, that is to say the proffered testimony of Mrs. Whitman's private nurse, Mrs. Zanes, that of the Hospital intern, Dr. Martinez, as well as that of Miss Bennett, the nurse in charge of the floor on which Mrs. Whitman was a patient, plaintiffs' charges of negligence were left virtually without evidence[1] to support them.

Finally, the trial judge not only proposed to bar from evidence the records of the decedent, Dr. Hassler, concerning his patient, Mrs. Whitman, but also the Hospital records having to do with Mrs. Whitman's case, the Dead Man's Statute having been invoked by the defendant Hassler on the ground that such statute applies to its co-party, the Hospital, the position of which is allegedly adverse to that of the defendant Hassler.

The Hospital having moved for summary judgment and the defendant executrix having moved to dismiss the complaint, both motions were granted by the trial court. Plaintiffs appeal.

The Hospital's motion for summary judgment was granted on the ground that there was no evidence adduced that such institution had failed in any respect to conform to established standards applicable to it, while the motion to dismiss was granted on the ground that the Delaware Dead Man's Statute, 10 Del.C. § 4302[2] (which was held not to have been waived) would,

as noted above, not only have precluded all testimony concerning conversations and/or transactions between plaintiffs and the decedent, Dr. Hassler, but as well all testimony which might have been adduced on the part of those immediately concerned with Mrs. Whitman's care during the night of August 30 and the early morning of August 31, as well as both the Hospital's and Dr. Hassler's records on the case.

In granting the Hospital's motion for summary judgment, the trial court relied on the presumption that in a malpractice suit the skill of a physician prevails in the absence of evidence to the contrary. However, the record contains an affidavit of a qualified physician filed on behalf of plaintiffs, based on examination of records presented to him, in which he has averred that reasonable hospital care under the facts of Mrs. Whitman's case required action other than that prescribed for her during the critical period here in issue. Compare Di Filippo v. Preston, 3 Storey 539, 173 A.2d 333, as to similarity of standards in the communities of Philadelphia and Wilmington. Thus, a factual dispute was raised as to a material issue.

Furthermore, the so-called Dead Man's Statute, supra, should not, in our opinion, have been applied to the defendant Hospital on the ground that it was required to defend a position adverse to that of the executrix of the Hassler estate inasmuch as the interests of both defendants are in fact adverse to those of plaintiffs. Accordingly, counsel for the defendant Hassler should not have been permitted to invoke such statute and thus circumvent plaintiffs' charges merely because the testimony of non-parties with knowledge of the matters complained of may be helpful to

---

1. "The Court is satisfied that all the evidence proposed to be introduced by the Plaintiffs during the course of the trial constitute testimony by the plaintiffs against the deceased and are therefore barred by 10 Del.C. § 4302." Transcript of May 18, 1970 conference, Appellants' Appendix 60.

2. " * * * In actions or proceedings by or against executors, administrators or guardians, in which judgment may be rendered for or against them, neither party shall be allowed to testify against the other as to any transaction with or statement by the testator, intestate or ward, unless called to testify by the opposite party."

plaintiffs' cause. Summary judgment of dismissal of the complaint against the defendant Hospital will be reversed.

■ Turning to the trial court's rulings on the application of the Dead Man's Statute to proffered testimony of witnesses having knowledge of Mrs. Whitman's condition during the time here in issue, it must be noted, first of all, that at common law all parties to an action as well as all persons interested in the outcome of a suit were barred from testifying as to their knowledge of a transaction, it being assumed that interested witnesses could be expected to give perjured testimony, 3 Jones on Evidence (5th Ed.) § 726. However, in the early Delaware case of Walter v. Evans, 1 Del.Cas. 668, a distinction was drawn between barring the testimony of one with a tangible interest in the outcome of a case and questioning the credibility of a witness who was merely a friend of a deceased party, the latter's testimony being admitted but tested as to weight.

The reason for the enactment into law of the predecessors of present 10 Del.C. § 4302 was to qualify those who were formerly barred as witnesses because of interest. See DiNardi v. Standard Lime and Stone Co., 3 Boyce 369, 84 A. 124. And the only limitation imposed on such new evidentiary rule, namely the one raised here is applicable only to parties, Lake Shore National Bank v. Bellanca (D.C.Del.) 83 F.Supp. 795, and then strictly, American Securit Co. v. Shatterproof Glass (D.C. Del.) 154 F.Supp. 890.

In short, the rule in Delaware is directed solely towards controlling the testimony of parties in a situation such as the one at bar, not that of witnesses, the first sentence of 10 Del.C. § 4302 having changed the common law rule which prohibited testimony of parties and of others interested " * * * in the event of the suit or matter to be determined." See State Highway Dept. v. Buzzuto (Del.Supr.) 264 A.2d 347. Cases relied on by defendants which are based on other so-called Dead Man's statutes are not controlling.

We conclude that had the trial court applied the Delaware Dead Man's Statute to parties alone, as such rule should be applied, then Mrs. Zanes, Dr. Martinez, and Miss Bennett should have been allowed to testify as to transactions with and statements by the decedent. It necessarily follows, and defendants now concede, that the proffered testimony of wholly independent witnesses such as Dr. Skinner and Dr. Miller should be admitted at the trial, which will be ordered as being clearly outside of the prohibitive scope of the terms of Title 10 Del.C. § 4302.

■ We now come to the question of the admissibility of the Hospital's as well as the decedent's records concerning Mrs. Whitman's medical problems, their surgical treatment, and such treatment's aftermath. The answer to this question is, in our opinion, that subject to a foundation being laid for such records' admission into evidence, they should be considered as business records, and, unless otherwise objectionable, admitted as such, Grossman v. Delaware Electric Power Co., 4 W.W.Harr. 521, 155 A. 806.

Defendants persist in contending that 10 Del.C. § 4302 clearly applies to agents of parties, citing Schagrin v. Schagrin, 5 Boyce 318, 92 A. 862. However, this proposition is not supported by the cited case in which it was decided that the transaction there in issue was made with a decedent in the presence of his wife and not with the latter as the decedent's agent. As noted above, the Delaware Dead Man's Statute applies solely to parties. Next, we are of the opinion that the trial judge ruled correctly in rejecting plaintiffs' proposed voir dire questions, Chavin v. Cope (Del.Supr.) 243 A.2d 694.

■ Finally, we are of the opinion that the filing of interrogatories on behalf of Dr. Hassler early in this action (which interrogatories were withdrawn following the

latter's death) did not constitute a waiver of said decedent's rights under the Dead Man's Statute. Compare Banaszkiewicz v. Baun, 359 Mich. 109, 101 N.W.2d 306. The trial judge's ruling that plaintiffs' answers to certain of the withdrawn interrogatories should be stricken was correct.

The case will be reversed and remanded for further proceedings not inconsistent with the above.

## ON MOTION FOR REARGUMENT

We have considered the motion for reargument of the defendant below, appellee, Wilmington Medical Center, Incorporated, and agree that the Dead Man's Statute was not invoked by said codefendant. Our opinion has been amended so as to so indicate.

 We also agree that the Court did not give proper consideration to such defendant's contention that there was no causal connection shown between such defendant's conduct and the injuries of which plaintiffs complain. Accordingly, there was no issue of negligence to go to the jury and summary judgment for the Hospital should have been affirmed.

The uncontroverted facts are that the Hospital, during the night of August 30 and early morning of August 31, did carry out the treatment prescribed by the physician in charge following a telephone call made to Dr. Hassler by Dr. Martinez at 1:00 A.M. and that the patient's condition remained unchanged between the time of such call and 8:00 A.M. when Dr. Hassler personally attended Mrs. Whitman. In the meantime, Mrs. Zanes, the patient's private nurse, had called Dr. Hassler at 6:45 A.M. to report on the patient's unsatisfactory condition. When Dr. Hassler arrived at 8:00 A.M., he did not change his previously prescribed course of treatment.

Thus, it is quite apparent that a telephone call by Hospital personnel to Dr. Hassler during the early morning of August 31, which plaintiffs contend should have been made, would not have altered the nature of Mrs. Whitman's treatment. Accordingly, there is no causal connection between the claimed inaction of the Hospital and the injuries complained of.

When a motion for summary judgment is filed, it is incumbent on the adverse party to submit proof designed to raise a genuine issue of fact, in this case as to proximate cause. Compare Lewis et al. v. Hat Corp. of America, 38 Del.Ch. 313, 150 A.2d 750. Plaintiffs having failed to elicit facts which would tend to cast any doubt on the facts adduced by the Hospital as to a lack of causal connection between its conduct and the injuries of which plaintiffs complain, the judgment of the trial court granting summary judgment of dismissal of the complaint as to the defendant Wilmington Medical Center, Incorporated must be affirmed.